# DECISIONS

OF THE

# SUPREME COURT OF MISSOURI.

## FOURTH JUDICIAL DISTRICT,

### SEPTEMBER TERM, 1838.

---

### WATSON v. THE STATE.

On an indictment for murder, the jury may find the defendant guilty of manslaughter. The 14th sec. of the 9th art. of the act concerning crimes and punishments, has not altered the common law rules, so far, at least, as this offence is concerned. Quere—how far this section will affect indictments for arson, burglary, forgery, &c. Will it enable the prosecutor, on an indictment for one degree of either of these offences, contrary to the settled rules of the criminal law, to convict defendant of another degree, totally dissimilar in its character?

*P. Cole,* counsel for appellant:

Upon an indictment for murder, at common law, it is conceded, the accused could be convicted of manslaughter; but, under the statute of this State, with regard to crimes and punishments, it is respectfully submitted this cannot be done. Murder, under the statute, consists of two degrees, (Digest, 167:) The first degree is punishable with death; the second with not less than ten years' imprisonment in the penitentiary. Manslaughter, by the same statute, consists of four degrees, the first whereof is punishable with five years' imprisonment in the penitentiary, and the other degrees for a less period of time, (Digest, 170.) The legislature appears to have contemplated distinct crimes in the graduation of these offences,

32

SEPT. TERM,
1838.

Watson
v.
The State.

and makes use of the terms *murder* and *manslaughter* as generic, and the several degrees as species of the offence. —4 Bl. Com.; Digest, 214, sec. 14.

*J. S. Brickey,* (circuit attorney,) counsel for the State:

This case seems to present but one question for the consideration of this court. On a trial for murder, can a jury find the defendant guilty of manslaughter, and the court render judgment on that finding? It certainly will not be denied that, at common law, the jury could acquit the defendant of murder, and find him guilty of manslaughter. I will not trouble this court with authorities to prove this position, because it is too well established to require the production of authorities. The question, then, arises, has the statute altered the common law in this particular? It seems not; for notwithstanding the statute has graded murder from the first to the second degree, and apportioned the punishment accordingly, I have not found the common law rule, as above laid down, changed—Digest, 167, sec. 1, 2; do. 168, sec. 5, 6, 7, 8; do. 170, sec. 21, 22; do. 214, sec. 14, 15.

McGirk, Judge, delivered the opinion of the court.

At the November term of the circuit court for the county of St. Francois, for 1837, Watson was indicted for the murder of Patrick Castello. The jury found the defendant not guilty of the murder, but guilty of manslaughter in the first degree, and sentenced the prisoner to the penitentiary for five years.

The defendant moved the court for a new trial; because the indictment is for murder, and the finding of the jury is for manslaughter, an offence for which the defendant was not indicted. This motion was overruled. The defendant moved, also, in arrest of judgment, which was also overruled. The counsel for Watson now relies on the same matter to reverse the judgment of the circuit court.

On an indictment for murder, the jury may find the defendant guilty of manslaughter. The 14th sec. of the 19th art. of the act concerning crimes and punishments, has not altered the common law

I understand the point now made to be this, to wit: Can the jury, on an indictment for murder, find the defendant guilty of manslaughter *only?* Mr. Cole, the counsel, admits that, at common law, this might be done; but he insists that, by the Revised Code of 1835, the law is otherwise. By the 1st section of the 3d article of the statute respecting crimes, (Revised Code, 167,) it is declared that certain murders shall constitute the first degree; the 2d section declares certain other murders shall

SEPT. TERM,
1838.

Watson
v.
The State.

stand in the second degree; the 3d section declares the punishment. The 7th section declares certain forms of murder at common law shall be manslaughter; it also places this manslaughter in the first degree. The statute then proceeds to make, in all, four degrees of manslaughter, up to the 20th section, inclusive.

The 3d article of the statute proceeds to define and classify arson. The 1st section declares the first degree, which consists in burning a dwelling house, &c. in the night time. Four degrees of arson are created by this article; the last instance of which, in the fourth degree, is the burning of stacks of grain, standing grass in a field, a fence, or toll bridge, in the day time.

The statute then proceeds to classify and lay off, in degrees, burglary and forgery, &c. In the 14th section of the 9th article of the statute, (Rev. Code, 214,) it is declared that, "upon an indictment for any offence consisting of different degrees, as prescribed by this act, the jury many find the accused not guilty of the offence charged in the indictment, and may find him guilty of any degree of such offence inferior to that charged in the indictment, or of an attempt to commit such offence."

The argument of Mr. Cole, of counsel for Watson, is, that under this indictment, and by the law, the jury could only have found the defendant guilty of murder in the second degree, because in murder there are, by the statute, only two degrees; that murder is the genus, and the degree the species, and that manslaughter is no species of murder. I do not think this is the true meaning of the statute; because, to admit it be so, it will involve the statute in difficulties too great to be tolerated.

Take this construction as regards arson; let arson be the genus, and then indict a man for the first degree, which is burning a dwelling house in the night time: in this case, the charge will be that the defendant wilfully and maliciously burnt a dwelling house in the night time. To meet this, the defendant comes prepared. The State gives no evidence whatever of this, but proves a case in the fourth degree, which is the burning a stack of grain, a bridge, or grass in a meadow, a fence, and the like; and the defendant is, without any honest notice of the accusation against him, as the constitution requires, convicted of an offence for which he never was indicted. Such, also, would be the consequence, if a person were indicted for burglary and forgery; which consequences induce me to seek for some other interpretation of the 14th section, above cited. I then conclude, the general words of the

*rules, so far at least, as this offence is concerned. Quere—how far this section will affect indictments for arson, burglary, forgery, &c. Will it enable the prosecutor, on an indictment for one degree of either of these offences, contrary to the settled rules of the criminal law, to convict defendant of another degree, totally dissimilar in its character?*

14th section should be restrained so as to accomplish the purposes of justice, instead of being made a snare to the citizen. This, I think, may be done; at any rate, it may be done so far as regards the charge of murder and the offence of manslaughter. In regard to the charge of murder, the common law is, and has been for a long time, that on an indictment for that offence the jury may find the defendant guilty of a homicide less than murder, (as manslaughter or excusable homicide.) So far as regards the liberty given by the statute in this case, that the jury may find the defendant guilty of a less degree of the offence than that charged in the indictment, the statute has not been complied with; if it had, the finding would have been murder in the second degree. But the jury were not required to do this, but permitted; still they have availed themselves of a common law right, which is, on an indictment for murder, to find the defendant guilty of manslaughter only. But again, the statute makes two degrees of murder; but the indictment does not distinguish for which degree of murder the prosecution goes, nor do I suppose any indictment will ever be formed on that plan. There could, therefore, be no ground in this case for the application of the 14th section. Furthermore, at common law, homicide is the genus of murder—manslaughter, &c. are the species. Then, on an indictment for murder, generally, the jury may find the defendant guilty of the least criminal of the species; and this, I think, is all the legislature intended by the 14th section, so far as murder is concerned; so that in this way the spirit of the 14th section can be complied with, though perhaps the letter of it cannot. How far the spirit of the 14th section can be complied with in other cases specified in the statute, I need not now consider, though it seems to me there will be great difficulty in the matter. My opinion, then, is, that there is no error in the judgment of the circuit court of St. Francois county, and Judge Tompkins concurring herein, the same is affirmed, with costs.

EDWARDS, Judge.—I do not concur.