(No. 25827.–

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN W. LEWIS, Plaintiff in Error.

*Opinion filed Dec. 12, 1940—Rehearing denied February 12, 1941.*

HERBERT M. WETZEL, and SYLVESTER J. KONENKAMP, for plaintiff in error.

JOHN E. CASSIDY, Attorney General, THOMAS J. COURT-
NEY, State's Attorney, and A. B. DENNIS, (EDWARD E.
WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of
counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

The sole question presented in this cause is whether
one charged by an indictment with murder may be con-
victed thereunder of manslaughter in the absence of any
specific charge of the latter offense in the indictment. The
cause is here on writ of error to the criminal court of Cook
county, sued out by John W. Lewis, who was convicted of
manslaughter and sentenced to the penitentiary for from
one to fourteen years, under an indictment of two counts,
each charging him with murder. He pleaded not guilty,
waived a jury trial and the cause was heard by the court
without a jury. The trial court found him "guilty of man-
slaughter in manner and form as charged in the indictment."
No question of fact is involved. The common law record,
alone, is presented to this court.

The first count of the indictment, omitting formal allega-
tions, charges that Lewis unlawfully, feloniously, wilfully
and of his malice aforethought stabbed Carl Edward Hill
in various parts of his head, trunk and legs with a certain
knife, thereby inflicting wounds of which Hill died. It con-
cludes with the charge that Lewis "unlawfully, feloniously,
wilfully and of his malice aforethought killed and murdered
said Carl Edward Hill in manner and form * * * and
by the means aforesaid; contrary to the statute, and against
the peace and dignity of the People of the State of Illinois."
The second count charges that Lewis "did unlawfully, with
malice aforethought, by stabbing kill and murder" Hill.

Plaintiff in error claims that as malice aforethought is
an element of murder, and manslaughter is an unlawful
killing without malice express or implied, and without any

admixture of deliberation whatever, the offenses are different, and that he was convicted of an offense with which he was not charged, in violation of the due process clause of the State and Federal constitutions. He argues that this amounts to exempting the indictment and the proceedings from the constitutional requirement, and is an arbitrary and unreasonable classification in violation of his constitutional rights. Defendant in error's position is that the charge of murder includes therein a charge of manslaughter. These contentions constitute the decisive issue.

Constitutional guarantees should be interpreted in a broad and liberal spirit. (*People* v. *Spain,* 307 Ill. 283; *Arndstein* v. *McCarthy,* 254 U. S. 71.) They negative any form of procedure which arbitrarily singles out any individual or class and permits them to be dealt with in a manner arbitrarily or unreasonably different from that in which others similarly situated are dealt with. (*O'Connor* v. *Rathje,* 368 Ill. 83; *United States* v. *Reese,* 92 U. S. 214, 23 L. ed. 563.) Section 2 of article 9 of the Illinois constitution guarantees to every person accused of crime the right to demand the nature and cause of the accusation. The purpose of this guarantee is to secure to the accused such specific designation of the offense charged as will enable him to prepare his defense and plead the judgment in bar of a subsequent prosecution for the same offense. (*West* v. *People,* 137 Ill. 189; *People* v. *Brown,* 336 id. 257; *United States* v. *Reese, supra.*) These principles invoked by plaintiff in error are well established and are conceded by defendant in error.

Plaintiff in error argues that the proceeding cannot be justified by the frequently repeated pronouncement that at common law "every indictment for murder necessarily includes by implication a count for manslaughter;" that there are no common law crimes in Illinois, but all felonies in this State are defined by and required to be prosecuted under

the statute, and indictments must be construed in accordance with the Criminal Code. He emphasizes the fact that the indictment in this case concludes "contrary to the statute," clearly indicating this is a proceeding for a statutory, and not a common law offense. The answer to this is that the same elements that constitute the crimes of murder and manslaughter at common law are embraced in the statute. Hence the offenses are the same as at common law. It follows that the statute is to be interpreted as was the common law. The act adopting the common law, (Ill. Rev. Stat. 1939, chap. 28, sec. 1) provides: "That the common law of England, so far as the same is applicable and of a general nature, * * * shall be the rule of decision, and shall be considered as of full force until repealed by legislative authority." By virtue of this section the decisions of the common law courts of England are in force in this State. (*Kreitz* v. *Behrensmeyer,* 149 Ill. 496; *Lasier* v. *Wright,* 304 id. 130.) Furthermore, section 8 of division 13 of the Criminal Code, (Ill. Rev. Stat. 1939, chap. 38, par. 736) provides: "All trials for criminal offenses shall be conducted according to the course of the common law, except when this act points out a different mode, and the rules of evidence of the common law shall also be binding upon all courts and juries in criminal cases except as otherwise provided by law." Thus, the substantive and the procedural common law are applicable in this case.

The element that distinguishes murder from manslaughter, or which marks the boundary between the two grades of homicide, is malice. (26 Am. Jur. (Homicide) sec. 12.) The common factor and the essential element which constitutes a crime under either charge is the unlawful killing of a human being. Malice is the element which marks the degree of turpitude. Thus, an indictment for murder includes, not only the charge of the unlawful killing of a human being, but likewise, that it was done with malice

aforethought. By such an indictment the accused is charged not with a different offense from manslaughter but with all the elements of that offense, and further that he committed them with malice aforethought. It is a well-established rule of the common law, incorporated either by judicial adoption or by statute, into the jurisprudence of this country in practically all States, that the jury may, under an indictment charging murder in the common law form, return a verdict convicting the accused of any lower degree or grades of homicide included in the charge, or, in other words, the jury may acquit the defendant of the degree charged, and convict him of any of the inferior degrees, provided there is evidence to support the lower grade or degree. 26 Am. Jur. (Homicide) sec. 572.

In this State, the common law rule is in force both by statute and by judicial adoption of the common law rule. In *People* v. *Dugas,* 310 Ill. 291, this court said: "It is a general rule of the criminal law that it is sufficient to prove so much of an indictment as shows that the defendant has committed a substantive crime therein specified. (1 Chitty on Crim. Law, 250.) So where the offense charged in an indictment includes within it another offense of lower degree, the defendant may be convicted of the lower offense even though the evidence fails as to the offense of higher degree. (1 Bishop's New Crim. Law, sec. 780; 1 Roscoe on Crim. Evidence, (8th ed.) 123; *Stewart* v. *State,* 5 Ohio, 145.) Under an indictment for murder a defendant may be found guilty of manslaughter, and the verdict is not only a conviction of manslaughter but is an acquittal of the charge of murder. (*Brennan* v. *People,* 15 Ill. 511.) The general rule that when an indictment for a higher crime embraces all the elements of an offense of an inferior degree the jury may discharge the accused of the higher crime and convict him of the lower if the evidence justifies it finds illustration in many cases. (*Earll* v. *People,* 73 Ill. 329; *Howard* v. *People,* 185 id. 552.)" To the same effect are

*People* v. *Bacon,* 293 Ill. 210; *People* v. *White,* 311 id. 356; *People* v. *Moore,* 368 id. 455; 1 Wharton's Am. Crim. Law, (6th ed.) sec. 384.

The doctrine announced in *People* v. *Dugas, supra,* was the uniform rule of the common law, and was put upon the ground that the killing is the substance of the crime, and that malice indicates the manner of it; and, when the substance is found, judgment shall be given thereupon, although the manner is not precisely pursued. (*Mackalley's Case,* 9 Coke, 67b.) When the substantive crime was proved the other averments might be treated as surplusage, and, on trial of an indictment for murder, if there was a failure to prove malice, there might be a conviction for manslaughter, on proving homicide. (*Watson* v. *State,* 5 Mo. 497; Salisbury's Case, 1 Plowd. 101; *Mackalley's Case, supra.*) The rule is in force in many, if not all of the United States. (*King* v. *State,* 5 How. (Miss.) 730; *Watson* v. *State,* 117 Ga. 607, 43 S. E. 32, and annotation 21 L. R. A. (N.S.) 1.) Since it is the general rule that an indictment for murder involves all other grades of homicide which the evidence tends to establish, an indictment charging murder includes therein a charge of manslaughter. (26 Am. Jur. (Homicide) secs. 283, 572; *State* v. *Roy,* 40 N. M. 397, 60 Pac. (2d) 646.) Consistently with this reasoning we have expressly held that the crime of manslaughter is embraced in a charge of murder, and the accused may be found not guilty of murder and convicted of manslaughter. (*People* v. *White, supra; People* v. *Cox,* 340 Ill. 111.) Since the indictment must be held to charge manslaughter, plaintiff in error was thereby advised of the charge, and he has no ground to complain that his rights under the due process clause of the State or Federal constitutions have been invaded. As the rule quoted in *People* v. *Dugas, supra,* is not limited to the crimes of murder and manslaughter, but applies generally to all offenses of a higher degree which embrace the elements of a lower crime, of which the ac-

cused is convicted, there is no unconstitutional classification involved in applying the rule to this case.

*People* v. *Bruner,* 343 Ill. 146, and *People* v. *Russell,* 245 id. 268, cited by plaintiff in error, under the claim that this court will not hesitate to enforce the constitutional rights of an accused, notwithstanding a practice of long standing apparently sanctioned by inference in prior decisions of this court, have no application here. He has not shown that any of his constitutional rights have been invaded.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*