THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD MURRAY, Defendant-Appellant.

Fourth District    No. 17304

Opinion filed April 26, 1982.

Daniel D. Yuhas and Diana N. Cherry, both of State Appellate Defender's Office, of Springfield, for appellant.

Edward Litak, State's Attorney, of Danville (Robert J. Biderman and David E. Mannchen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WEBBER delivered the opinion of the court:

Defendant appeals from his conviction of the offense of resisting or obstructing a peace officer in violation of section 31—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 31—1). He was found guilty of the offense by a jury in the circuit court of Vermilion County and after

denial of his post-trial motion was sentenced by the court to 30 days' imprisonment.

Defendant's issues on appeal, (1) double jeopardy, (2) compulsory joinder, and (3) reasonable doubt, arise from the fact that he underwent two trials, as will be explained later. We need not consider the double jeopardy and reasonable doubt arguments, since we hold that there was a violation of the compulsory joinder statute (Ill. Rev. Stat. 1979, ch. 38, pars. 3—3 and 3—4) and reverse on that basis.

Briefly summarized, the facts giving rise to the offense are these: Danville police officers received a complaint about loud music at an apartment. They repaired to the scene where they found a party in progress at about 11:20 p.m. The party turned out to be the celebration of the wedding of Michael Joe Crider, which had taken place that day. Crider became abusive toward the police and was arrested for disorderly conduct. A police van was summoned for the purpose of transporting Crider to the stationhouse. Upon its arrival at the scene, a large crowd of people, about 100 in number according to the testimony, gathered around it. As the officers were attempting to place Crider in the van, defendant kept talking to them and according to their testimony kept getting in their way. Crider was eventually loaded into the van and as it was departing the scene, defendant began picking up garbage cans and throwing them in front of it.

As a result of this incident, defendant was charged by a two-count information with mob action and obstructing a peace officer. The mob action count alleged that he was part of an assembly of two or more persons whose purpose was an unlawful act, that of interfering with the arrest of Crider. Count II charged defendant with the offense of obstructing a peace officer in that he, knowing certain persons to be peace officers, did:

> "knowingly obstruct, to-wit: throw bottles and trash cans at units driven by said officers, said officers in the performance of an act within their official capacity, to-wit: the arrest of Michael Crider * * *."

A jury trial was held on February 27, 1981. Defendant was found not guilty of mob action, but guilty of obstructing a peace officer. Defendant's motion for new trial was allowed.

Prior to the retrial, the State filed an amended information in two counts. Both alleged the offense of obstructing a peace officer in violation of section 31—1 of the Code. Count I reiterated *in haec verba* the allegations of the prior information set forth above concerning the throwing of bottles and trash cans. The operative language of count II was that defendant was guilty of obstruction:

> "in that he and then and there knowing Frank Christian to be a peace officer did knowingly obstruct by standing in front of the

doors of a police van to prevent Frank Christian from putting Michael Joe Crider in the van, said officer in the performance of an act within his official capacity, to-wit the arrest and transportation of Michael Joe Crider, * * *."

The retrial took place on June 24, 1981. The jury found defendant not guilty of count I (throwing bottles and trash cans) but guilty of count II (standing in front of the doors of the van). A post-trial motion, which did not raise the questions of double jeopardy or compulsory joinder, was denied.

Section 3—3(b) of the Criminal Code of 1961 provides:

"If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, * * * if they are based on the same act."

Section 3—4(b)(1) of the Code provides in part:

"A prosecution is barred if the defendant was formerly prosecuted for a different offense, * * * if such former prosecution:

(1) Resulted in either a conviction or an acquittal, and the subsequent prosecution is for an offense of which the defendant could have been convicted on the former prosecution; or was for an offense with which the defendant should have been charged on the former prosecution, as provided in Section 3—3 of this Code * * *."

The mob action count in the first information, on which defendant was acquitted, was based on the same acts upon which the prosecution now seeks to convict by means of the second count in the amended information. By the plain language of the statute, set forth above, that prosecution is barred since the evidence at the second trial was essentially the same as that in the first.

The State argues that the mandatory joinder provisions do not apply since the evidence of blocking the doors to the van in the second trial was not necessarily encompassed by the mob action evidence in the first trial. The argument is self-defeating. If the evidence were not the same, there would have been no point in introducing it at the first trial. The mob action count in the first trial and the second count of obstruction in the second trial were based upon the same acts.

The judgment of the circuit court of Vermilion County on the jury verdict of guilty of obstructing a peace officer is therefore reversed and defendant's sentence is vacated.

Reversed.

MILLS and TRAPP, JJ., concur.