(No. 55625.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. BILLY SIMMONS, Appellee.

*Opinion filed November 18, 1982.*

Tyrone C. Fahner, Attorney General, of Springfield, and Richard M. Daley, State's Attorney, of Chicago (Michael B. Weinstein, Assistant Attorney General, of Chicago, and Michael E. Shabat, Richard T. Sikes, Jr., and Joel A. Stein, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Cook County (John Lanahan, Assistant Public Defender, of counsel), for appellee.

JUSTICE WARD delivered the opinion of the court:

In the late evening of July 11, 1979, Sharon Hobbs was shot and fatally wounded by the defendant, Billy Simmons, a/k/a James Booker, in a lounge on the near north side of Chicago. The defendant testified that the revolver he had been carrying had been accidentally discharged. He was charged in the circuit court of Cook County in a three-count indictment with murder with intent to kill or do great bodily harm (Ill. Rev. Stat. 1979, ch. 38, par. 9—1(a)(1)), murder based on knowledge that his acts created a strong probability of death or great bodily harm (Ill. Rev. Stat. 1979, ch. 38, par. 9—1(a)(2)), and armed violence based on the underlying offense of murder (Ill. Rev. Stat. 1979, ch. 38, par. 33A—2). Following a jury trial he was convicted of involuntary manslaughter and armed violence based on involuntary manslaughter, and concurrent sentences of five and 12 years respectively were imposed. The appellate court vacated

the involuntary-manslaughter conviction on the ground that both convictions proceeded from a single physical act. (99 Ill. App. 3d 519; see *People v. Donaldson* (1982), 91 Ill. 2d 164.) We granted the People's petition for leave to appeal. (73 Ill. 2d R. 315.) The defendant cross-appealed.

The People contend that the legislature intended that separate convictions and sentences be imposed for armed violence and its underlying felony and argue that the vacation by the appellate court of the defendant's involuntary-manslaughter conviction was error. On his cross-appeal the defendant argues that a defendant cannot properly be convicted of armed violence based on involuntary manslaughter under an indictment charging armed violence based on an underlying offense of murder.

In *People v. Donaldson* (1982), 91 Ill. 2d 164, 170, we stated that "[i]n the absence of a clear legislative expression to the contrary *** multiple convictions for both armed violence and the underlying felony cannot stand where a single physical act is the basis for both charges." The People ask that we reconsider the holding in *Donaldson* that the armed-violence statute does not show "a clear legislative expression to the contrary." They argue that section 33A—3(b) of the sentencing provisions of the armed-violence statute (Ill. Rev. Stat. 1979, ch. 38, par. 33A—3(b)) manifests this contrary intention. Section 33A—3(b) provides:

"Violation of Section 33A—2 [,which defines the offense of armed violence,] with a Category II weapon [*e.g.,* a bludgeon or club] is a Class 2 felony or the felony classification provided for the same act while unarmed, whichever permits the greater penalty. A second or subsequent violation of Section 33A—2 with a Category II weapon is a Class 1 felony or the felony classification provided for the same act while unarmed, whichever permits the greater penalty."

The People admit that the provisions of section 33A—3(b) were not applicable here as the defendant was armed with a Category I weapon, *i.e.*, a gun. They say, however, that the language "or the felony classification provided for the same act while unarmed, whichever permits the greater penalty," is rendered meaningless if, under the armed-violence statute, a conviction and sentence only for the more serious offense can stand.

The People's brief states:

> "Had the legislature intended that only a conviction and sentence be imposed for the 'more serious' of armed violence and its underlying offense the emphasized language [*i.e.*, 'or the felony classification provided for the same act while unarmed, whichever provides the greater penalty'] would have absolutely no effect in situations where armed violence was deemed the 'less serious' offense because the armed violence charge would be vacated by the trial court."

From this, the People conclude that the legislative intention clearly was to provide for convictions for both armed violence and its underlying felony.

The simple answer is that the People misread section 33A—3(b). The People are incorrect in stating that if the underlying felony is punishable by a sentence which is greater than that which may be imposed for a Class 2 felony, the armed violence charge is "less serious" than its underlying felony and will be vacated. To the contrary, the statute provides that the commission of armed violence while armed with a Category II weapon is never less serious than the underlying felony. The statute says that if the same act committed while unarmed permits a greater penalty (as for a Class 1 or a Class X felony), the penalty for a violation of the armed-violence statute while armed with a Category II weapon will be the same as for the underlying Class 1 or Class X felony. The defendant may be convicted of and punished for either offense, since neither is "more serious" than the other.

On the cross-appeal the defendant complains that he was convicted of an offense, armed violence based on involuntary manslaughter, with which he was not charged. As has been stated, the defendant was charged in two counts with murder and with armed violence based on murder. It is not inappropriate to observe that at trial the defendant requested that the jury be given instructions on the offense of involuntary manslaughter, including an instruction that it might find the defendant guilty of that crime. The jury was so instructed, and it found the defendant guilty of involuntary manslaughter and armed violence based on involuntary manslaughter. His post-trial motions for judgment notwithstanding the verdict, in arrest of judgment, and for a new trial were denied.

Where the sufficiency of a charge is attacked in a motion in arrest of judgment, the standard for determining whether the indictment or information is deficient is whether the elements of the offense are set out in the indictment or information as required by section 111—3(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 111—3(a)). (*People v. Lutz* (1978), 73 Ill. 2d 204.) Section 111—3(a) provides:

"A charge shall be in writing and allege the commission of an offense by:
(1) Stating the name of the offense;
(2) Citing the statutory provision alleged to have been violated;
(3) Setting forth the nature and elements of the offense charged;
(4) Stating the date and county of the offense as definitely as can be done; and
(5) Stating the name of the accused, if known, and if not known, designate the accused by any name or description by which he can be identified with reasonable certainty." (Ill. Rev. Stat. 1979, ch., 38, par. 111—3(a).)

Section 111—3 is designed to inform the accused of the nature of the offense with which he is charged so that he

may prepare a defense and to assure that the charged offense may serve as a bar to subsequent prosecution arising out of the same conduct. (*People v. Gregory* (1974), 59 Ill. 2d 111.) The defendant does not claim that the armed-violence count does not charge an offense or that he did not know with what he was charged. Instead, he says that the indictment is defective because it fails "to state what section or sections of the statute [were] involved, plus which, if any, lesser offenses of murder were involved."

Section 111—3, however, does not require that an armed-violence charge set out the citation to the underlying felony alleged. The section requires only the citation of "the statutory provision alleged to have been violated" and the count here charging armed violence contained the citation of the offense. The count charging armed violence stated in part:

"Billy Simmons committed the offense of armed violence in that he, while armed with a dangerous weapon, to wit: a firearm committed a felony defined by Illinois Law, to wit: murder, in that he shot and killed Sharon Hobbs with a gun, *knowing that such shooting with a gun created a strong probability of death or great bodily harm* to said Sharon Hobbs without lawful justification, in violation of Chapter 38, Section 33A—2 of the Illinois Revised Statutes 1977 as amended ***." (Emphasis added.)

The inclusion of the italicized language of the charge made it clear that murder under section 9—1(a)(2), rather than murder under section 9—1(a)(1), was the underlying felony in the charge of armed violence.

The defendant acknowledges that a charge of murder may serve as the basis for a conviction of any lesser included offense. (*People v. Speed* (1972), 52 Ill. 2d 141; *People v. Lewis* (1940), 375 Ill. 330.) In *Lewis*, the defendant was charged with murder, but was convicted of manslaughter. The court observed that "[b]y such an indictment the accused is charged not with a different offense from manslaughter but with all the elements of that offense, and

further that he committed them with malice aforethought." (375 Ill. 330, 334.) Similarly, the effect of the armed-violence count of the indictment here was to charge the defendant with all of the elements of armed violence based on involuntary manslaughter, together with the additional element of knowledge of the probability of death or great bodily harm to another. The defendant's conviction of armed violence is consistent with " '*** [t]he general rule that when an indictment for a higher crime embraces all the elements of an offense of an inferior degree the jury may discharge the accused of the higher crime and convict him of the lower if the evidence justifies it ***.' " (*People v. Lewis* (1940), 375 Ill. 330, 334, quoting *People v. Dugas* (1923), 310 Ill. 291, 300.) This court in *Lewis* stated that the rule quoted above from *Dugas* is "not limited to the crimes of murder and manslaughter, but applies generally to all offenses of a higher degree which embrace the elements of a lower crime, of which the accused is convicted." 375 Ill. 330, 335-36.

For the reasons given, the judgment of the appellate court is affirmed.

*Judgment affirmed.*