THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JESSIE LEWIS, Defendant-Appellant.

Second District   No. 82—96

Opinion filed February 15, 1983.—Rehearing denied March 10, 1983.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Steven Clark and Michael J. Pelletier, both of State Appellate Defender's Office, of Chicago, for appellant.

Fred Foreman, State's Attorney, of Waukegan (Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE NASH delivered the opinion of the court:

After trial by jury defendant, Jessie Lewis, was found guilty of three counts of aggravated battery (Ill. Rev. Stat. 1979, ch. 38, par. 12—4) and two counts of armed violence (Ill. Rev. Stat. 1979, ch. 38, par. 33A—2). He was sentenced to concurrent terms of six years for each armed violence conviction and to two years for one count of aggravated battery. Defendant appeals contending: (1) the State violated the mandatory joinder provisions of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, pars. 3—3, 3—4) by adding six new counts to its original information after defendant's first trial in which a mistrial had been declared; and (2) he was improperly convicted and sentenced for offenses based upon a single physical act.

The facts are not disputed by the parties. It appears that on August 16, 1980, during a dispute over the right to possession of an automobile, defendant fired a shot at John Strickland which struck him behind the left ear wounding him. Defendant was charged by a three-count information as follows:

Count I — attempt murder (Ill. Rev. Stat. 1979, ch. 38, pars. 8—4(a), 9—1(a)(1));

Count II — aggravated battery (w/deadly weapon) (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(b)(1));

Count III — armed violence (predicated on the offense charged in count II) (Ill. Rev. Stat. 1979, ch. 38, par. 33A—2).

The case initially proceeded to trial on March 17, 1981, in which the jury returned a verdict finding defendant not guilty of attempted murder, but was unable to reach verdicts to the charges of aggravated battery and armed violence. After the court declared a mistrial as to counts II and III, the State expressed its intention to retry defendant for those offenses and the cause was continued.

On September 16, 1981, the State amended the information by adding six additional offenses based upon the August 16 shooting of John Strickland, as follows:

Count IV — aggravated battery (great bodily harm) (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(a));

Count V — aggravated battery (permanent disability and disfigurement) (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(a));

Count VI — aggravated battery (w/deadly weapon) (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(b)(1));

Count VII — armed violence (predicated on count IV) (Ill. Rev. Stat. 1979, ch. 38, par. 33A—2);

Count VIII — armed violence (predicated on count V) (Ill. Rev. Stat. 1979, ch. 38, par. 33A—2);

Count IX — armed violence (predicated on count VI) (Ill. Rev. Stat. 1979, ch. 38, par. 33A—2).

Defendant moved to dismiss the additional charges prior to trial, at the close of all the evidence and in a post-trial motion. All such motions were denied by the trial court.

On November 23, 1981, the retrial commenced and the evidence presented was similar to that adduced at the first trial. At the close of all the evidence, the State *nolle prossed* counts III, VI and IX and the jury found defendant guilty of the three remaining counts of aggravated battery (II, IV and V) and the two remaining counts of armed violence (VII and VIII). The court imposed concurrent sentences of two years under count II and six years each under counts VII and VIII, but did not impose any sentences for the aggravated battery counts (IV and V) upon which the armed violence convictions were predicated.

Defendant contends that the amendment to the original information adding six charges, all of which could have been charged prior to the first trial, was in violation of sections 3—3 and 3—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, pars. 3—3, 3—4) and, therefore, the prosecution of those additional charges is barred.

■ Defendant has also contended that as his conduct in shooting the victim constituted a single physical act his conviction for three offenses based thereon was improper. In this regard, the State correctly admits error; the record clearly reflects that the defendant committed a single physical act. Thus, defendant's conviction for more than one offense was improper. *People v. Dixon* (1982), 91 Ill. 2d 346, 355, 438 N.E.2d 180, 185; *People v. Donaldson* (1982), 91 Ill. 2d 164, 168, 435 N.E.2d 477, 479; *People v. Myers* (1981), 85 Ill. 2d 281, 288, 426 N.E.2d 535, 538.

■ The question presented by this appeal is a determination of which one of the three charges of which defendant was convicted may stand. Ordinarily, the greater offense for which a defendant is properly convicted will be sustained. (*People v. Donaldson* (1982), 91 Ill. 2d 164, 170, 435 N.E.2d 477, 479-80; *People v. Felton* (1982), 108 Ill. App. 3d 763, 770, 439 N.E.2d 1107, 1112.) In this case, if the amendment of the information was *improper*, only the aggravated battery (w/deadly weapon) charged in count II could stand as defendant was acquitted of attempted murder charged in count I and the State *nolle prossed* armed violence charged in count III. Armed violence predicated upon count II could not be sustained in any event since it con-

stituted a double enhancement of defendant's use of a gun. *People v. Haron* (1981), 85 Ill. 2d 261, 278, 422 N.E.2d 627, 634; *People v. Post* (1982), 109 Ill. App. 3d 482, 487, 440 N.E.2d 631, 635.

Conversely, if the amendment was *proper* either, but not both, of the armed violence convictions under counts VII and VIII may stand as they were predicated upon the charges of aggravated battery causing great bodily harm and permanent disability in counts IV and V and were not twice enhanced by the weapon. (*People v. Donaldson* (1982), 91 Ill. 2d 164, 170, 435 N.E.2d 477, 479-80; *People v. Roman* (1981), 98 Ill. App. 3d 703, 705, 424 N.E.2d 794, 796; *People v. Ross* (1981), 100 Ill. App. 3d 1033, 1036-37, 427 N.E.2d 955, 957-58, *appeal denied* (1981), 83 Ill. 2d 573.) Resolution of this case thus turns upon whether the amendment to the original information was proper. We find it was not.

Section 3—3(b) of the Criminal Code of 1961 provides, in part:

"(b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution * * * if they are based on the same act." (Ill. Rev. Stat. 1979, ch. 38, par. 3—3(b).)

The effect upon a subsequent prosecution of the State's failure to join all charges in an initial prosecution is set forth in section 3—4(b), which provides, in part:

"(b) A prosecution is barred if the defendant was formerly prosecuted for a different offense * * * if such former prosecution:

(1) Resulted in * * * an acquittal, and the subsequent prosecution is for an offense of which the defendant could have been convicted on the former prosecution; or was for an offense with which the defendant should have been charged on the former prosecution, as provided in Section 3—3 of this Code * * *."

Ill. Rev. Stat. 1979, ch. 38, par. 3—4(b).

The committee comments accompanying section 3—3 state that the mandatory joinder requirement "involves a substantive protection of the defendant" (Ill. Ann. Stat. ch. 38, par. 3—3, Committee Comments, at 197 (Smith-Hurd 1972)) and that it would be "unjust to permit the prosecutor in his discretion to put the defendant to the strain and expense of several trials, on the speculation that a later jury will be more severe than an earlier one, or for any other reason unrelated to the proper trial of the issues in the several offenses." (Ill. Ann. Stat., ch. 38, par. 3—3, Committee Comments, at 200 (Smith-Hurd

1972).) While section 3—3 does not require that all possible offenses be charged, "[t]he result of trying only some of the offenses *** would be that [the State] could not prosecute the other offenses at all." (Ill. Ann. Stat., ch. 38, par. 3—3, Committee Comments, at 201 (Smith-Hurd 1972).) Although other, less strident, alternatives were considered by the Committee, they were rejected because "none of these suggestions seemed to meet adequately the objection that a defendant should not be subjected to more than one prosecution when that one will permit the presentation to the jury *** of all pertinent issues of the related offenses arising out of the same act." (Ill. Ann. Stat., ch. 38, par. 3—3, Committee Comments, at 203 (Smith-Hurd 1972).) It is the purpose of section 3—4 to give effect to the provision of section 3—3 by barring subsequent prosecution for offenses which should have been charged in the first. Ill. Ann. Stat., ch. 38, par. 3—4, Committee Comments, at 217 (Smith-Hurd 1972).

■ Reviewing courts have recognized that the prosecution bar does not apply unless there was either a conviction or acquittal in the initial prosecution; a mistrial alone will not invoke the bar. (*People v. Miller* (1966), 35 Ill. 2d 62, 65, 219 N.E.2d 475, 478; *People v. Piatt* (1966), 35 Ill. 2d 72, 73-74, 219 N.E.2d 481, 482; *People v. Peterson* (1982), 108 Ill. App. 3d 856, 859, 439 N.E.2d 1103, 1106; *People v. Renslow* (1981), 98 Ill. App. 3d 288, 291, 423 N.E.2d 1360, 1362-63.) However, once the initial prosecution has resulted in either a conviction or acquittal on any of the charges known to the prosecutor, the State may not thereafter amend the information by adding charges for which the defendant could have been convicted and which should have been joined in the initial prosecution. (*People v. Mullenhoff* (1965), 33 Ill. 2d 445, 448-49, 211 N.E.2d 744, 746; *People v. Murray* (1982), 106 Ill. App. 3d 50, 52, 435 N.E.2d 772, 773-74; *People v. Baker* (1979), 77 Ill. App. 3d 943, 944-45, 397 N.E.2d 164, 166, *appeal denied* (1980), 79 Ill. 2d 632.) In *Mullenhoff*, an acquittal on the charge of deviate sexual assault barred a subsequent prosecution for attempted rape since both crimes were known to the prosecution and were based upon a single act. In *Murray*, an acquittal for mob action barred prosecution for obstructing a peace officer when both are based on a single act. Similarly, in *Baker*, defendant's guilty plea to possession of cannabis barred a subsequent prosecution for possession of a controlled substance since the possession of both items constituted a single act.

■ When the procedural history of this case is examined in light of the statutes, policies and case law discussed herein, it becomes evident that the amendment of the information after mistrial was im-

proper. The State concedes that the additional charges are based upon the same physical act as were the original charges. Defendant could have been convicted of any of the new charges if brought at the time of the first trial and section 3—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 3—3) required the State to charge those offenses before the initial trial if it were to charge them at all. The State did not do so, and its failure precluded it from doing so after the first trial. Ill. Rev. Stat. 1979, ch. 38, par. 3—4.

The State argues that the new charges were merely alternative theories of the offenses brought under the same statutes as were the original charges of aggravated battery and armed violence. The cases relied upon by the State do indicate that the information could have been properly amended to add the new charges prior to the initial trial, or, could have been submitted to the jury in the first trial as alternative theories of liability although not specifically charged. (*People v. Foster* (1975), 32 Ill. App. 3d 1009, 337 N.E.2d 90; *People v. Turner* (1976), 35 Ill. App. 3d 550, 342 N.E.2d 158.) The State did not do so here, however. Rather, it prosecuted defendant for attempted murder, aggravated battery and armed violence and, after his acquittal for attempted murder and a mistrial on the other charges, then amended the information by adding the additional charges for the second trial. The State has cited no authority in support of this procedure, and portions of *People v. Allen* (1974), 56 Ill. 2d 536, 309 N.E.2d 544, *cert. denied* (1974), 419 U.S. 865, 42 L. Ed. 2d 102, 95 S. Ct. 120, cited in the State's brief, would seem to suggest an opposite result. In *Allen*, the court stated:

> "Each of subparagraphs (1), (2) and (3) under section 9—1(a) describes the mental state or the conduct of the defendant which must accompany the acts which cause the death. If the defendant were charged with murder under subparagraph (a)(1) and acquitted, he could not again be charged and tried for the murder of the same individual under subparagraph (a)(2) or (a)(3)." (56 Ill. 2d 536, 543, 309 N.E.2d 544, 547.)

See also *People v. Simmons* (1982), 93 Ill. 2d 94, 99-100, 442 N.E.2d 891, 894.

The fact that the added charges are alternative pleadings of the offenses originally charged does not make the subsequent prosecution in the case at bar any less onerous than if a wholly new crime had been charged. As Justice Dooley stated:

> "To subject a person to multiple successive prosecutions because of differences in detail in proofs undermines the fundamental basis of the double jeopardy ban. Considerations of fair-

ness and finality, the very foundation of the double jeopardy bar, require a nontechnical evaluation of the 'same evidence' test, and a focus upon the similarity of the elements involved in the two· proceedings." (*People v. Gray* (1977), 69 Ill. 2d 44, 51, 370 N.E.2d 797, 800, *cert. denied* (1978), 435 U.S. 1013, 56 L. Ed. 2d 395, 98 S. Ct. 1887.) Although the court in *Gray* was addressing the issue of constitutional double-jeopardy protections, the analysis is no less applicable here since it is the purpose of sections 3—3 and 3—4 to cover "situations in which more than one offense is found to arise out of the same *conduct,* or the same *act and the defense of double jeopardy is unavailable.*" (Ill. Ann. Stat., ch. 38, par. 3—3, Committee Comments, at 198 (Smith-Hurd 1972).) Essentially, the State is attempting to take a second bite of the apple simply because it did not like the taste of the first. Such prosecutorial practices are antithetical to the language and policies embodied in sections 3—3 and 3—4 of the Criminal Code of 1961. Thus, the amendment to the original information was error and the only count for which the defendant was properly convicted in the retrial was under count II, charging aggravated battery (w/deadly weapon).

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed as to defendant's conviction and sentence for aggravated battery under count II. All other judgments of conviction entered and sentences imposed by the circuit court in this case are vacated.

Affirmed in part, vacated in part.

UNVERZAGT and VAN DEUSEN, JJ., concur.