THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. PETER J. KENNEDY, Defendant-Appellee.

Third District No. 3—86—0420

Opinion filed October 9, 1987.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, of Chicago, and Nathan P. Maddox and Mark L. Rotert, Assistant Attorneys General, of Springfield, of counsel), for the People.

Thomas A. Lilien, of State Appellate Defender's Office, of Ottawa, for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

In October of 1983, after an evening of drinking in various bars in Henry, Illinois, Peter J. Kennedy had an argument and slight altercation with some persons standing outside a restaurant. He went to his car, drove it the wrong way down a one-way street, drove onto the sidewalk and struck Jacqueline Lou, one of a group of people on the sidewalk. Lou died at the scene, and Kennedy was subsequently charged with two counts of murder, one count of voluntary manslaughter, and two of reckless homicide. The jury found defendant Kennedy guilty on all counts except one murder count which charged that he drove his car upon the sidewalk knowing his acts would cause death to Lou or another person. (Ill. Rev. Stat. 1983, ch. 38, par. 9—1(a)(1).) On the latter count, the jury acquitted defendant. The trial court imposed sentence on the convictions for murder and reckless homicide.

Defendant appealed, and this court, following *People v. Hoffer* (1985), 106 Ill. 2d 186, 478 N.E.2d 335, reversed defendant's convictions on the ground that the jury had returned verdicts that were legally inconsistent. We remanded for a new trial. *People v. Kennedy* (1985), 132 Ill. App. 3d 1166 (unpublished Rule 23 order).

In the meantime, a new State's Attorney had taken office in Marshall County, and at his request, the Attorney General of the State of Illinois took over prosecution of Kennedy. Superseding indictments were obtained charging defendant with murder, felony murder, and attempted murder and were based on the same incident that gave rise to the earlier charges. Defendant moved to dismiss the superseding indictments, and the trial court granted defendant's motion. The State appeals from that order.

The issue on appeal is whether the State is barred by either section 3—3 or 3—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1983,

ch. 38, pars. 3—3, 3—4) from trying defendant on additional charges based on the same conduct as the original charges. Section 3—3 provides as follows:

"(a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense.

(b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, except as provided in Subsection (c), if they are based on the same act.

(c) When 2 or more offenses are charged as required by Subsection (b), the court in the interest of justice may order that one or more of such charges shall be tried separately."

These provisions for compulsory joinder were intended to prevent successive prosecutions which amount to harassment of a defendant and which were a means of hedging against the risk of an unsympathetic jury at the first trial. (*People v. Mullenhoff* (1964), 52 Ill. App. 2d 369, 202 N.E.2d 128.) We note that the parties do not contend that subsection (c) is involved in this case.

Section 3—4 codifies the rules against double jeopardy. The pertinent part of this section follows:

"(b) A prosecution is barred if the defendant was formerly prosecuted for a different offense, or for the same offense based upon different facts, if such former prosecution:

(1) Resulted in either a conviction or an acquittal, and the subsequent prosecution is for an offense of which the defendant could have been convicted on the former prosecution; or was for an offense with which the defendant should have been charged on the former prosecution, as provided in Section 3—3 of this Code (unless the court ordered a separate trial of such charge); or was for an offense which involves the same conduct, unless each prosecution requires proof of a fact not required on the other prosecution, or the offense was not consummated when the former trial began ***." Ill. Rev. Stat. 1983, ch. 38, par. 3—4.

The State contends that since a retrial of defendant's convictions is proper, the "restructuring" of the prosecution to allege different offenses arising out of the original course of conduct does not conflict with the provisions of the Code just quoted. The State relies upon *People v. Miller* (1966), 35 Ill. 2d 62, 210 N.E.2d 475, where additional charges were filed against the defendant following a mis-

trial. The new charges arose out of the same incident as the original charges and concerned activities known to the prosecutor at the time the original charges were brought. The court ruled that section 3—4 is a bar to additional charges only where the former prosecution resulted in a conviction or acquittal, not where a mistrial resulted. The State reasons further that in the instant case, a reversal for inconsistent verdicts places the prosecutor in the same position as a mistrial in that there has been no valid and final judgment and no ultimate factual determination. See *People v. Hoffer* (1985), 106 Ill. 2d 186, 478 N.E.2d 335.

We would agree were it not for the fact that the jury here acquitted defendant of one count of murder. There was no such partial acquittal in *People v. Miller.* Section 3—4 is quite explicit, as are the cases interpreting it, that once there has been an acquittal, the State may not thereafter add other charges for which the defendant could have been tried and which should have been joined in the initial prosecution. (*E.g., People v. Lewis* (1983), 112 Ill. App. 3d 626, 445 N.E.2d 916.) "The statute places the burden on the prosecutor to either elect the charge on which he desires to proceed or to proceed on both charges." (*People v. Mullenhoff* (1965), 33 Ill. 2d 445, 449, 211 N.E.2d 744, 746.) We conclude, therefore, that the State can proceed to retry defendant only on those charges where convictions were reversed and remanded by this court. Any additional charges arising out of the same course of conduct are barred by statute.

The trial court's order of dismissal is affirmed.

Affirmed.

HEIPLE and SCOTT, JJ., concur.