763 N.E.2d 264 (2001)
198 Ill.2d 334
261 Ill.Dec. 294
The PEOPLE of the State of Illinois, Appellant,
v.
Mark SYPIEN, Appellee.
No. 89265.
Supreme Court of Illinois.
September 20, 2001.
*266 James E. Ryan, Attorney General, Springfield (Joel D. Bertocchi, Solicitor General, William L. Browers and Michael Hoard, Assistant Attorneys General, Chicago, of counsel), for the People.
No appearance for appellee.
Justice KILBRIDE delivered the opinion of the court:
The sole issue presented in this appeal is whether the General Assembly violated the single subject clause of the Illinois Constitution of 1970 (Ill. Const.1970, art. IV, § 8(d)) when it enacted Public Act 90-456 (Pub. Act 90-456, eff. January 1, 1998). The legislation in Public Act 90-456, styled as an act "in relation to criminal law," amended, among other statutes, the disorderly conduct provision of the Criminal Code of 1961 (Code) (720 ILCS 5/1-1 et seq. (West 1998)). Charged with disorderly conduct under the amended provision, defendant moved to dismiss the complaint, asserting a single subject violation. The circuit court of De Kalb County granted defendant's motion, and the State now appeals. Based upon the following discussion, we affirm and hold that Public Act 90-456 violates the single subject rule.

BACKGROUND
On or about August 1, 1999, defendant allegedly reported to De Kalb County Sheriff's Deputies Ryan Loyd and Tim Rogers that a certain motor vehicle had been stolen. A brief investigation led the deputies to conclude that defendant's report was false. He was arrested and charged with disorderly conduct in violation of section 26-1(a)(4) of the Code. Section 26-1(a)(4) was amended by section 15 of Public Act 90-456 and now provides, in pertinent part:
"(a) A person commits disorderly conduct when he knowingly:
* * *
(4) Transmits or causes to be transmitted in any manner to any peace officer, public officer or public employee a report to the effect that an offense * * * has been committed, knowing at the time of such transmission *267 that there is no reasonable ground for believing that such an offense * * * has been committed[.]" 720 ILCS 5/26-1(a)(4) (West 1998).
Section 15 of Public Act 90-456 also amended the sentencing portion of the Code's disorderly conduct provision to provide:
"(b) Sentence.
(1) * * * A violation of subsection (a)(2), (a)(3), (a)(4), or (a)(9) of this Section is a Class 4 felony." 720 ILCS 5/26-1(b) (West 1998).
Prior to the amendment, a violation of section 26-1(a)(4) was a Class B misdemeanor. See 720 ILCS 5/26-1(b) (West 1996). In its present form, an accused faces a maximum three-year prison term if convicted of a section 26-1(a)(4) violation.
The other amendments accomplished by Public Act 90-456 are summarized as follows:
(1) 911 False Alarms. Section 5 amended the Emergency Telephone System Act (50 ILCS 750/0.01 et seq. (West 1998)) by adding the following: "Any person calling the number '911' for the purpose of making a false alarm or complaint and reporting false information is subject to the provisions of Section 26-1 of the Criminal Code of 1961." 50 ILCS 750/15.2 (West 1998).
(2) Juvenile Court Act. Section 10 of Public Act 90-456 amended the Juvenile Court Act of 1987 (Juvenile Court Act of 1987 or Act) (705 ILCS 405/1-1 et seq. (West 1998)) to provide that once an adjudicatory hearing is commenced in an abused or neglected juvenile proceeding, subsequent delay in the proceeding may be allowed by the court when necessary to ensure a fair hearing. 705 ILCS 405/2-14(b) (West 1998). Formerly, the adjudicatory hearing was required to be "held" within 90 days, and there was no provision for delays. See 705 ILCS 405/2-14(b) (West 1996).
(3) Search Warrants. Section 20 amended the Code of Criminal Procedure of 1963 (725 ILCS 5/100-1 et seq. (West 1998)) to authorize an officer executing a search warrant to make entry without first announcing his office and without knocking in certain exigent circumstances. 725 ILCS 5/108-8(b) (West 1998).
In the trial court, defendant maintained that Public Act 90-456 violated the single subject rule because the amendment to the Juvenile Court Act in section 10 of Public Act 90-456, unlike the other three amendments, does not relate to criminal law. The trial court agreed, specifically finding that it "could see no relationship to the criminal law with neglected or abused juveniles." Thus, the issue presented for our review is whether the amendment to the Juvenile Court Act bears any natural and logical relationship to criminal law.

ANALYSIS
Legislative acts are to be afforded a considerable presumption of constitutionality. In re Marriage of Lappe, 176 Ill.2d 414, 422, 223 Ill.Dec. 647, 680 N.E.2d 380 (1997); Russell v. Department of Natural Resources, 183 Ill.2d 434, 441, 233 Ill.Dec. 782, 701 N.E.2d 1056 (1998). The party challenging the constitutionality of a statute bears the burden of rebutting this presumption and clearly establishing the constitutional violation. Russell, 183 Ill.2d at 441, 233 Ill.Dec. 782, 701 N.E.2d 1056. We review de novo a circuit court's holding that a statute is unconstitutional. People v. Jung, 192 Ill.2d 1, 4, 248 Ill.Dec. 258, 733 N.E.2d 1256 (2000).
The single subject rule provides as follows:
"Bills, except bills for appropriations and for the codification, revision or rearrangement *268 of laws, shall be confined to one subject." Ill. Const.1970, art. IV, § 8(d).
The rule is designed to prevent the passage of legislation that, if standing alone, could not muster the necessary votes for enactment. Geja's Cafe v. Metropolitan Pier & Exposition Authority, 153 Ill.2d 239, 258, 180 Ill.Dec. 135, 606 N.E.2d 1212 (1992). Such "logrolling" by legislators is a practice strictly prohibited by this state's constitution. People v. Cervantes, 189 Ill.2d 80, 98, 243 Ill.Dec. 233, 723 N.E.2d 265 (1999); People v. Wooters, 188 Ill.2d 500, 518, 243 Ill.Dec. 33, 722 N.E.2d 1102 (1999).
The term "subject" in this context is to be liberally construed in favor of the legislature. People v. Reedy, 186 Ill.2d 1, 8-9, 237 Ill.Dec. 74, 708 N.E.2d 1114 (1999); People v. Dunigan, 165 Ill.2d 235, 255, 209 Ill.Dec. 53, 650 N.E.2d 1026 (1995); Cutinello v. Whitley, 161 Ill.2d 409, 423-24, 204 Ill.Dec. 136, 641 N.E.2d 360 (1994). The matters included in the enactment, however, must have a natural and logical connection to the single subject. People v. Malchow, 193 Ill.2d 413, 427, 250 Ill.Dec. 670, 739 N.E.2d 433 (2000); Cutinello, 161 Ill.2d at 423, 204 Ill.Dec. 136, 641 N.E.2d 360; People ex rel. Ogilvie v. Lewis, 49 Ill.2d 476, 487, 274 N.E.2d 87 (1971), quoting People ex rel. Gutknecht v. City of Chicago, 414 Ill. 600, 607-08, 111 N.E.2d 626 (1953). In other words, while the legislature is free to choose subjects comprehensive in scope, the single subject requirement may not be circumvented by selecting a topic so broad that the rule is evaded as "a meaningful constitutional check on the legislature's actions." Johnson v. Edgar, 176 Ill.2d 499, 515-18, 224 Ill.Dec. 1, 680 N.E.2d 1372 (1997). There is no additional requirement that the individual provisions be related to each other. Arangold Corp. v. Zehnder, 187 Ill.2d 341, 356, 240 Ill.Dec. 710, 718 N.E.2d 191 (1999).
Consequently, determining whether a public act runs afoul of the single subject rule is a two-tiered analysis. First, we must determine whether the act, on its face, involves a legitimate single subject. Arangold, 187 Ill.2d at 361-62, 240 Ill.Dec. 710, 718 N.E.2d 191 (Freeman, C.J., specially concurring). Second, we must discern whether the various provisions within an act all relate to the proper subject at issue. Arangold, 187 Ill.2d at 362, 240 Ill.Dec. 710, 718 N.E.2d 191 (Freeman, C.J., specially concurring).
Considering the first tier of the analysis, the purported subject of Public Act 90-456 is one that we have already found to be legitimate for single subject purposes. For example, this court found in Malchow that Public Act 89-8 (Pub. Act 89-8, eff. March 21, 1995), entitled "An Act in relation to criminal and correctional matters * * *," did not comprehend a subject too broad to pass constitutional muster. Malchow, 193 Ill.2d at 428-29, 250 Ill.Dec. 670, 739 N.E.2d 433. Likewise, we found that Public Act 81-1270 (Pub. Act 81-1270, eff. July 3, 1980), embracing the lone subject of amending the Criminal Code of 1961, did not run afoul of the single subject rule. See People v. Dunigan, 165 Ill.2d 235, 255, 209 Ill.Dec. 53, 650 N.E.2d 1026 (1995). Thus, having found that the subjects of criminal and correctional matters and amendment of the Criminal Code of 1961 are legitimate subjects, we need not reexamine the issue in this case. The subject of Public Act 90-456, on its face, is permissible. See also Wooters, 188 Ill.2d at 512-13, 243 Ill.Dec. 33, 722 N.E.2d 1102 (while invalidating the public act at issue, we held the legislature could pass legislation that amended several acts as long as the amendments related to the single subject of "crime").
*269 Moving to the second tier of our analysis, we must determine whether each individual amendment in Public Act 90-456 relates to the single subject of the criminal law. The State maintains that the trial court's ability to extend the time of an adjudicatory hearing for abused, neglected or dependent children relates to the criminal law because the parent or person responsible in loco parentis for the abuse, neglect or dependency may face criminal liability as a direct result of the hearing. According to the State, the legislature's concern with the timing of an adjudicatory hearing under the Act is somehow connected to two criminal-law-related goals: (1) preventing the criminal activity of parents who abuse or neglect their children; and (2) ensuring that innocent parents are not exposed to criminal liability. The State further cites People v. Majors, 308 Ill. App.3d 1021, 242 Ill.Dec. 474, 721 N.E.2d 753 (1999), and argues that the enactment withstanding single subject scrutiny in that case is sufficiently analogous to Public Act 90-456 to compel a similar conclusion here.
We believe that the theory proffered by the State of how the amendment of the Juvenile Court Act included in Public Act 90-456 relates to the criminal law is too tenuous to pass constitutional muster. Any connection drawn by the State between abuse, neglect and dependency hearings under the Act and the criminal law is neither natural nor logical. See Malchow, 193 Ill.2d at 427, 250 Ill.Dec. 670, 739 N.E.2d 433. The State makes the blanket assertion that a parent or person in loco parentis responsible for a child who has been adjudged abused, neglected or dependent under the Juvenile Court Act may face criminal liability under the Neglected Children Offense Act (720 ILCS 130/0.01 et seq. (West 1998)) or the Illinois Domestic Violence Act of 1986 (750 ILCS 60/101 et seq. (West 1998)). Unfortunately, the State provides absolutely no authority, statutory or otherwise, indicating how the theoretical criminal charges faced by such a parent or person in loco parentis would derive from, be based on, or otherwise relate to the adjudicatory hearings under the Juvenile Court Act. Upon careful review by this court, we are unable to discern any such support. More importantly, if we were to accept the State's argument, a myriad of inherently civil statutes would then be sufficiently related to the criminal law to withstand similar single subject scrutiny.
For example, a custodial parent whose former spouse has been granted visitation rights of the couple's child in a divorce decree may be subject to criminal liability if that custodial parent attempts to deprive his former spouse of visitation. See 720 ILCS 5/10-5.5 (West 1998). Consequently, under the State's view of the single subject rule, a public act amending any provision of the Criminal Code of 1961 (720 ILCS 5/1-1 et seq. (West 1998)) and any of the provisions of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/101 et seq. (West 1998)) dealing with visitation could survive a single subject challenge. We cannot countenance such a conclusion, as it would completely eviscerate the single subject rule. Simply put, the hypothetical possibility that a person may face criminal charges as a result of a civil proceeding is insufficient to relate the civil statute at issue to the criminal law with regard to a single subject inquiry.
We recently addressed a comparable situation in People v. Wooters, 188 Ill.2d 500, 243 Ill.Dec. 33, 722 N.E.2d 1102 (1999). At issue in Wooters was the constitutionality of Public Act 89-203 (Pub. Act 89-203, eff. July 21, 1995). Most of the various sections of Public Act 89-203 had a logical relationship to its purported subject of *270 "crime." For example, the enactment included an amendment to section 32-10 of the Criminal Code of 1961, expanding the circumstances when a person charged with a felony while on bail must appear in court to have his bail reset. See 720 ILCS 5/32-10 (West 1996). Public Act 89-203 also amended section 11-6 of the Criminal Code to add a definition of "solicits" for the crime of indecent solicitation of a child. See 720 ILCS 5/11-6 (West 1996). In addition, the enactment added section 5-1120 to the Counties Code, empowering counties to establish and fund programs to reduce, prevent or control juvenile delinquency. See 55 ILCS 5/5-1120 (West 1996). We held that each of the above amendments and several others were logically related to crime, the purported subject of the Act. Wooters, 188 Ill.2d at 512, 243 Ill.Dec. 33, 722 N.E.2d 1102.
In the end, however, we held that Public Act 89-203 included non-crime-related amendments. Those amendments were to sections 15-508 and 15-1701 of the Illinois Mortgage Foreclosure Law, codified in the Code of Civil Procedure. 735 ILCS 5/15-1508, 15-1701 (West 1996). The foreclosure amendments altered the procedure for notifying renters and other nonowners of real property of a foreclosure. Wooters, 188 Ill.2d at 513, 243 Ill.Dec. 33, 722 N.E.2d 1102. The offending amendments bore no logical or natural connection to the single subject of "crime" (Wooters, 188 Ill.2d at 513, 243 Ill.Dec. 33, 722 N.E.2d 1102) and, therefore, Public Act 89-203 violated the single subject rule. Wooters, 188 Ill.2d at 520, 243 Ill.Dec. 33, 722 N.E.2d 1102. The same conclusion is evident in this case. The amendments to the Juvenile Court Act included in Public Act 90-456 are related neither logically nor naturally to the criminal law.
Turning to the State's argument regarding People v. Majors, 308 Ill.App.3d 1021, 242 Ill.Dec. 474, 721 N.E.2d 753 (1999), in that case the appellate court considered a single subject challenge to Public Act 89-689. Among several amendments clearly related to the criminal justice system, Public Act 89-689 also amended section 5-23 of the delinquency article of the Juvenile Court Act, adding another type of authorized disposition for wards of the court. See 705 ILCS 405/5-23 (West Supp.1997) (repealed by Pub. Act 90-590, art.2001, § 2001-15, eff. January 1, 1999; reinstated Pub. Act 90-590, art.2001, § 2001-10, eff. January 1, 1999; now 705 ILCS 405/5-710 (West 1998)). The court upheld the statute against a single subject challenge, finding that each of the amendments related to the criminal justice system. Majors, 308 Ill.App.3d at 1032-33, 242 Ill.Dec. 474, 721 N.E.2d 753. The State asks this court to hold likewise that the amendment to the Juvenile Court Act implemented by Public Act 90-456 is related to the criminal law. The case at hand, however, is distinguishable from Majors. Simply put, there is a fundamental difference between delinquency proceedings at issue in Majors and abuse, neglect and dependency proceedings at issue here.
Dependency and neglect proceedings, unlike criminal and delinquency proceedings, are "`"civil" * * * both in the legal and lay sense of the word.'" In re J.J., 142 Ill.2d 1, 8, 153 Ill.Dec. 239, 566 N.E.2d 1345 (1991), quoting In re Urbasek, 38 Ill.2d 535, 543, 232 N.E.2d 716 (1967). The standard of proof and the rules of evidence of civil proceedings are applicable in dependency and neglect cases. 705 ILCS 405/2-18 (West 1998). Moreover, the State does not assume an adversarial role against the minor in dependency and neglect proceedings. In re J.J., 142 Ill.2d at 8, 153 Ill.Dec. 239, 566 N.E.2d 1345. The minor is not being punished and is not regarded as a criminal. In re J.J., 142 *271 Ill.2d at 8, 153 Ill.Dec. 239, 566 N.E.2d 1345. To the contrary, neglect and dependency proceedings are normally instituted due to the unwillingness or inability of a parent or person in loco parentis to undertake his or her parental duties, not due to the child's misconduct. Urbasek, 38 Ill.2d at 543, 232 N.E.2d 716. Furthermore, in dependency and neglect proceedings, not only is the State's Attorney charged with the duty of ensuring that the best interests of the minor, the minor's family and the community are served, but the court itself is also so charged. In re J.J., 142 Ill.2d at 8-9, 153 Ill.Dec. 239, 566 N.E.2d 1345; see also In re D.S., 198 Ill.2d 309, 330, 261 Ill.Dec. 281, 763 N.E.2d 251 (2001) (holding that the duty and authority vested in the circuit court by the Juvenile Court Act does not violate the separation of powers doctrine). Thus, the court may invade the executive discretion of the constitutional office of the State's Attorney to dismiss a complaint in dependency and neglect cases, although such an invasion is impermissible in the State's Attorney's initiation and management of criminal litigation. In re J.J., 142 Ill.2d at 8-9, 153 Ill.Dec. 239, 566 N.E.2d 1345.
We recently highlighted the distinction between delinquency proceedings and abuse, neglect and dependency proceedings in In re A.G., 195 Ill.2d 313, 317, 253 Ill.Dec. 911, 746 N.E.2d 732 (2001). In A.G., we were asked to determine whether Supreme Court Rule 604(d) (188 Ill.2d R. 604(d)) applies to delinquency cases under the Act. Rule 604(d) addresses under what circumstances a criminal defendant can appeal a judgment entered upon a guilty plea. 188 Ill.2d R. 604(d). In holding that Rule 604(d) applies in delinquency proceedings, we stated:
"Although proceedings under the [Juvenile Court] Act are still not criminal in nature and are to be administered in a spirit of humane concern for, and to promote the welfare of, the minor [citation], article V of the Act has been reconfigured and now contains a purpose and policy section which represents a fundamental shift from the singular goal of rehabilitation to include the overriding concerns of protecting the public and holding juvenile offenders accountable for violations of the law. [Citation.]" In re A.G., 195 Ill.2d at 317, 253 Ill.Dec. 911, 746 N.E.2d 732.
This shift in policy regarding delinquency proceedings is manifested in several ways. For example, virtually all of the constitutional requirements of a criminal trial have been introduced into juvenile delinquency proceedings, including the right to adequate notice of charges, the right to counsel, the right to remain silent, and the right to confront and cross-examine witnesses. In re A.G., 195 Ill.2d at 318, 253 Ill.Dec. 911, 746 N.E.2d 732. Moreover, the reasonable doubt standard of proof and the rules of evidence used in criminal proceedings are also applied in delinquency proceedings. In re A.G., 195 Ill.2d at 318, 253 Ill.Dec. 911, 746 N.E.2d 732. Accordingly, the kinship between delinquency proceedings under the Act and the criminal justice system arguably supports the conclusion of the Majors court that Public Act 89-689 did not violate the single subject rule. In this case to the contrary, abuse, neglect and dependency proceedings under the Act are not related to any degree to criminal law and thus do not warrant a comparable conclusion regarding Public Act 90-456.

CONCLUSION
As we can discern no natural or logical relation between Public Act 90-456's amendment of the Juvenile Court Act of 1987 and that public act's stated subject of "the criminal law," we are compelled to hold that Public Act 90-456 contravenes *272 the single subject rule clause of the Illinois Constitution (Ill. Const.1970, art. IV, § 8(d)). The judgment of the circuit court of De Kalb County is therefore affirmed.
Affirmed.