THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WALKER DAVIS, JR., Defendant-Appellant.

Third District    No. 3—00—0621

Opinion filed March 8, 2002.

412

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, and Barbara O'Brien (argued), of Haslett, Michigan, for appellant.

Jeff Tomczak, State's Attorney, of Joliet (John X. Breslin and Gary F. Gnidovec (argued), of counsel), for the People.

JUSTICE HOMER delivered the opinion of the court:

The defendant, Walker Davis, Jr., was convicted by a jury of one count of aggravated battery with a firearm (720 ILCS 5/12—4.2(a)(1) (West 2000)) and two counts of aggravated discharge of a firearm (720 ILCS 5/24—1.2(a)(2) (West 2000)). The trial court sentenced the defendant to 10 years' imprisonment for the aggravated battery with a firearm conviction to be served consecutively to two 4-year concurrent terms for the aggravated discharge of a firearm convictions. On appeal, the defendant argues that (1) his aggravated discharge of a firearm convictions should be reversed on mandatory joinder grounds and as violative of the speedy trial act; (2) the mandatory consecutive sentencing statute is unconstitutional; and (3) the public act creating the offense of aggravated battery with a firearm violates the single subject rule. We affirm the defendant's conviction and sentence for aggravated battery with a firearm and reverse his convictions and sentences for aggravated discharge of a firearm.

## BACKGROUND

On the evening of April 2, 1999, the defendant was participating in a dice game at a housing project in Lockport, Illinois. During the game, Michael Crowder criticized the way the defendant threw the dice. The defendant took exception to Crowder's criticism, which resulted in a brief physical altercation after the dice game had ended.

The next evening, Crowder was in a car with his brother, Andre Bradley, when they saw the defendant driving a car on the same street. Crowder challenged the defendant to a fight to settle their dispute.

The defendant retorted that there would be no fight but only a murder. Crowder and his brother left without further argument, drove to their house, and parked the vehicle in the driveway. As they sat in front of the open garage, they noticed the defendant's car cruising up and down the street. Just after their father, Louis Bradley, returned home, the defendant's car stopped in front of the driveway. At this instance, Crowder and Andre were standing in the middle of the driveway and their father was behind them. The defendant and another individual exited from the vehicle and started firing bullets in the direction of the three men. Crowder, Andre, and Louis ran for cover, but Crowder was shot in the leg.

The State charged the defendant with aggravated battery with a firearm as to Crowder. After a trial, the defendant was found guilty, but the conviction was vacated by the trial court on a basis unrelated to this appeal. Before the commencement of the defendant's second trial, the State filed a second superceding bill of indictment, which added two counts of aggravated discharge of a firearm to the charging instrument as to Andre and Louis Bradley. The jury found the defendant guilty on all three counts. Subsequently, the defendant was sentenced to 10 years' imprisonment for aggravated battery with a firearm to be served consecutively to two concurrent 4-year imprisonment terms for the aggravated discharge of a firearm.

## ANALYSIS

### Mandatory Joinder

■ The defendant argues that the addition of the two counts of aggravated discharge of a firearm violated the mandatory joinder provisions of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/1—1 et seq. (West 2000)). The defendant's argument would ordinarily be waived for failure to raise the issue before the trial court. However, we will review the defendant's allegation in accord with the doctrine of plain error since the alleged error is of such magnitude that, if substantiated, the error served to deprive the defendant of a fair trial. See People v. Bock, 242 Ill. App. 3d 1056, 1071, 611 N.E.2d 1173, 1183 (1993).

■ Determining whether the court violated the mandatory joinder provision in this instance is a two-step process. Section 3—4(b)(1) of the Criminal Code provides that a prosecution is barred if the defendant was formerly prosecuted for a different offense that

"[r]esulted in either a conviction or an acquittal, and the subsequent prosecution is for an offense of which the defendant could have been convicted on the former prosecution; or was for an offense with which the defendant should have been charged on the

former prosecution, as provided in Section 3—3 of this Code." 720 ILCS 5/3—4(b)(1) (West 2000).

Initially, we must determine whether section 3—3 of the Criminal Code (720 ILCS 5/3—3 (West 2000)) is applicable to the facts of this case. If section 3—3 is implicated, we must then determine whether the vacated conviction bars prosecution of the aggravated discharge of a firearm counts according to section 3—4 of the Criminal Code.

■ Section 3—3(b) of the Criminal Code provides that "[i]f several offenses are known to the proper prosecuting officer at the time of commencing the prosecution[,] *** they must be prosecuted in a single prosecution *** if they are based on the same act." 720 ILCS 5/3—3(b) (West 2000). The purpose of section 3—3 is to prevent successive prosecutions for multiple offenses arising from a single act of the accused rather than multiple offenses arising from a series of related acts. *People v. Schram*, 283 Ill. App. 3d 1056, 1066, 672 N.E.2d 1237, 1244 (1996). The Illinois Supreme Court recently reiterated that an "act" is "any overt or outward manifestation that will support a separate offense." *People v. Crespo*, 203 Ill. 2d 335, 341 (2001).

On appeal, the State contends that a separate act occurred each time the defendant pulled the trigger of his gun. The appellate court, however, has held that the repeated firing of a gun from a single location constitutes a single act rather than multiple distinct but related acts. See *People v. Guzman*, 208 Ill. App. 3d 525, 567 N.E.2d 500 (1990); *People v. Baity*, 125 Ill. App. 3d 50, 465 N.E.2d 622 (1984). In *Guzman*, the firing of six gunshots amounted to a single physical act. *Guzman*, 208 Ill. App. 3d at 535-36, 567 N.E.2d at 508. Similarly, in *Baity*, the court held that the pulling of the trigger three times in rapid succession was a single physical act. *Baity*, 125 Ill. App. 3d at 53, 465 N.E.2d at 624.

■ Although the facts in *Guzman* and *Baity* involved the firing of a gun at a single victim, the presence of three victims in this case does not alter the conclusion that the rapid firing of successive shots from a single location in the direction of the three victims amounted to a single physical act. This conclusion is supported by the fact that the State's second superseding bill of indictment treats the discharging of a firearm as a single act capable of supporting a single charge as to each victim. The indictment makes no attempt to differentiate between one pull of the trigger and another. Consequently, according to section 3—3 of the Criminal Code, the State was required to prosecute all of the offenses arising out of the defendant's single act of firing the gun at the three victims in a single prosecution.

The State did ultimately prosecute all three counts in one prosecu-

tion, but this prosecution occurred only after the first trial on the single count of aggravated battery with a firearm resulted in a conviction. The State now argues that because the defendant's motion for a new trial resulted in the vacation of the defendant's conviction and required a new trial, his conviction for aggravated battery with a firearm did not invoke the former prosecution protections of section 3—4 of the Criminal Code. We reject this contention.

Section 3—3 of the Criminal Code plainly states that when more than one offense is known by the prosecuting authority to have arisen out of the same conduct of a defendant, the offenses must be prosecuted in a single prosecution. It is equally plain, according to section 3—4, that if a defendant was formerly prosecuted and that prosecution resulted in a conviction or acquittal, a subsequent prosecution for an offense that should have been charged in the former prosecution is barred. Section 3—4 does not provide an exception for instances when a defendant receives a new trial after his conviction is vacated.

This court previously addressed the applicability of section 3—4 in the case of *People v. Kennedy*, 161 Ill. App. 3d 197, 514 N.E.2d 251 (1987). In *Kennedy*, the defendant was charged with two counts of murder, one count of voluntary manslaughter, and two counts of reckless homicide. The jury acquitted the defendant of one count of murder but convicted him on all other counts. The defendant appealed and this court reversed his convictions on the ground that the jury had returned legally inconsistent verdicts. *Kennedy*, 161 Ill. App. 3d at 198, 514 N.E.2d at 251. Prior to retrial, the State added new counts of felony murder and attempted murder. The defendant filed a motion to dismiss the added counts, which the trial court granted. On appeal, the State argued that the reversal of the convictions acted as a mistrial; therefore, section 3—4 should not bar prosecution of the additional counts. The court held that the State was barred from prosecuting the defendant for felony murder and attempted murder according to section 3—4 of the Criminal Code because of the defendant's previous acquittal of one count of murder. *Kennedy*, 161 Ill. App. 3d at 200, 514 N.E.2d at 252. In *dicta*, the court stated that it agreed with the State's argument that the convictions did not bar prosecution because there was no final judgment. This *dicta* commentary is in error.

Section 3—4 of the Criminal Code does not require a final judgment but only a former prosecution that resulted in a conviction or acquittal. The Criminal Code defines "conviction" as "a judgment of conviction *** or finding of guilty of an offense, rendered by a legally constituted jury." 720 ILCS 5/2—5 (West 2000). In the case at bar, the jury rendered a finding of guilty; thus, there was a valid conviction.

The fact that the trial court vacated the conviction and ordered a new trial does not transform the proceeding into a mistrial.

Because a conviction was entered against the defendant after his first trial for aggravated battery with a firearm, the subsequent addition of the two counts of aggravated discharge of a firearm offend the former prosecution protections of section 3—4 of the Criminal Code. Consequently, we reverse the defendant's convictions for aggravated discharge of a firearm because the trial court plainly erred by allowing the State to amend its indictment to include the aggravated discharge of a firearm counts.

In light of our decision to reverse the defendant's two convictions for aggravated discharge of a firearm, we need not address the defendant's argument that his aggravated discharge of a firearm convictions should be reversed because his right to a speedy trial was violated. Similarly, since the defendant's sentences for aggravated discharge of a firearm have been vacated, it is unnecessary to address his argument that the mandatory consecutive sentencing statute is unconstitutional.

## The Single Subject Rule

■ The defendant contends that his conviction for aggravated battery with a firearm should be reversed because Public Act 86—980 (Pub. Act 86—980, eff. July 1, 1990), which enacted the crime of aggravated battery with a firearm, violated the single subject rule. The single subject rule of the Illinois Constitution requires that legislative bills be confined to one subject. Ill. Const. 1970, art. IV, § 8(d). Consequently, the matters addressed within legislative bills must have some natural and logical connection to a single subject. *People v. Malchow*, 193 Ill. 2d 413, 427, 739 N.E.2d 433, 442 (2000). The term "subject" is liberally construed to favor sustaining a legislative enactment. *People v. Malchow*, 193 Ill. 2d at 427, 739 N.E.2d at 442. All statutes carry a strong presumption of constitutionality, and it is the burden of the party challenging the constitutionality of the statute to rebut this presumption and clearly establish a constitutional violation. *People v. Roberts*, 318 Ill. App. 3d 719, 730, 743 N.E.2d 1025, 1034 (2000).

Public Act 86—980, initially known as House Bill 1883, was entitled "An Act to amend the Criminal Code." Subsequently, the title of the bill was amended to include the Juvenile Court Act of 1987. As introduced, House Bill 1883 established the offense of inducement to commit suicide. After House Bill 1883 passed the House of Representatives, the Senate added the offense of aggravated battery with a firearm to the bill. The House accepted this addition as well as other

revisions relating to crime. The defendant argues that the original intention of House Bill 1883 was to create the offense of inducement to commit suicide and not offenses such as aggravated battery with a firearm.

■ A single subject rule challenge was previously made against Public Act 86—980 in *People v. Vazquez*, 315 Ill. App. 3d 1131, 1135, 734 N.E.2d 1023, 1027 (2000). The *Vazquez* court concluded that each enactment in Public Act 86—980 involved criminal conduct that related either to the Criminal Code or to the Juvenile Court Act. The court held that because all the enactments related to the acceptable subject of crime, the legislation did not go awry of the single subject rule. *Vazquez*, 315 Ill. App. 3d at 1136, 734 N.E.2d at 1027.

Undaunted, the defendant argues that *Vazquez* was poorly reasoned because it states that the single subject rule pertains to how the individual provisions of an enactment relate to one subject rather than how the provisions relate to each other. To support his contention, the defendant cites *People v. Cervantes*, 189 Ill. 2d 80, 723 N.E.2d 265 (1999). The defendant argues that *Cervantes* held that an act violates the single subject rule when the General Assembly includes within one bill unrelated provisions that by no fair interpretation have any legitimate relation to one another. See *Cervantes*, 189 Ill. 2d at 84, 734 N.E.2d at 267. However, in *Premier Property Management, Inc. v. Chavez*, 191 Ill. 2d 101, 114, 728 N.E.2d 476, 483-84 (2000), the court clarified that the relation between provisions within an enactment has never been a basis for determining whether an enactment violates the single subject rule. Therefore, the enactments in Public Act 86—980 need only be naturally and logically related to a single subject, in this case crime. See *Roberts*, 318 Ill. App. 3d at 730, 743 N.E.2d at 1034. The aggravated battery with a firearm amendment to Public Act 86—980 directly relates to the subject of crime. The defendant has failed to rebut the presumption of constitutionality Public Act 86—980 carries. Consequently, Public Act 86—980 is consistent with the single subject rule provision of the Illinois Constitution and the defendant's conviction and sentence for aggravated battery with a firearm is affirmed.

## CONCLUSION

The judgment of the circuit court of Will County is affirmed in part and reversed in part.

Affirmed in part and reversed in part.

LYTTON, P.J., and SLATER, J., concur.