THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LOUIS MORALES, Defendant-Appellant.

First District (2nd Division)    No. 1—02—1566

Opinion filed August 19, 2003.

Michael J. Pelletier and Elizabeth A. Botti, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and Mary L. Boland, Assistant State's Attorneys, of counsel), for the People.

JUSTICE BURKE delivered the opinion of the court:

Defendant Louis Morales pled guilty to one count of aggravated battery with a firearm and was sentenced to 11 years' imprisonment. Defendant subsequently filed a *pro se* postconviction petition to vacate his plea, which the circuit court summarily dismissed as frivolous and

patently without merit. On appeal, defendant contends that the trial court erred in dismissing his petition because Public Act 86—980 (Pub. Act 86—980, eff. July 1, 1990), which created the offense of aggravated battery with a firearm and under which defendant pled guilty, violates the single subject rule of the Illinois Constitution (Ill. Const. 1970, art. IV, § 8(d)) and, therefore, his guilty plea was void. For the reasons set forth below, we affirm.

## STATEMENT OF FACTS

On November 15, 1998, at approximately 11:20 p.m., defendant, armed with a revolver, walked up to Paul Acosta, who was standing on the street, and shot him in the arm and leg. Thereafter, defendant was arrested and charged with one count of attempted first degree murder, one count of aggravated battery with a firearm, one count of armed violence, and two counts of aggravated battery. On November 6, defendant gave a statement to an assistant State's Attorney, stating that he was a member of the Latin King street gang and mistakenly believed that Acosta was a rival gang member. Defendant also stated that he shot Acosta in retaliation for the shooting death of his cousin one year earlier. On May 13, 1999, defendant pled guilty to one count of aggravated battery with a firearm and the court accepted the parties' agreement to sentence defendant to 11 years' imprisonment.

On March 8, 2002, defendant filed a *pro se* postconviction petition, contending that his guilty plea must be vacated because various public acts were declared unconstitutional.[1] On April 15, the trial court summarily dismissed the petition as frivolous and patently without merit. This appeal followed.

## ANALYSIS

Defendant contends that Public Act 86—980 violates the single subject rule. Specifically, defendant maintains that the amendments to the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 1—1 *et seq.*) contained in the enactment, amending the offense of aggravated battery and adding the offense of aggravated battery with a firearm, and the amendments to the Juvenile Court Act of 1987 (Ill. Rev. Stat. 1989, ch. 37, par. 801—1 *et seq.*) contained in the enactment, adding provisions with respect to mandatory destruction of all weapons

---

[1] In his petition, defendant argued that his guilty plea was not voluntary, knowing, and intelligent because Public Acts 88—680 (Pub. Act 88—680 eff. January 1, 1995) and 89—203 (Pub. Act 89—203, eff. July 21, 1995) had been declared unconstitutional. Defendant did not cite the correct public act at issue, Public Act 86—980, in his petition. However, as discussed below, this is of no import.

confiscated from minors, have nothing to do with the enactment's purpose of preventing "ritualistic crime" because of "cult activity," *i.e.*, they have nothing to do with the legislature's goal of punishing people who convince children to kill themselves, which goal was the original basis for promulgating Public Act 86—980 and the offense of inducement to commit suicide. Although defendant concedes that this district upheld a single subject challenge to Public Act 86—980 in *People v. Vazquez*, 315 Ill. App. 3d 1131, 734 N.E.2d 1023 (2000) (Fifth Division), defendant maintains that we should reexamine that ruling because it failed to discuss the legislative debates surrounding Public Act 86—980 and because the *Vazquez* court refused to examine the defendant's argument that the various provisions of an act must relate to each other, not only to the subject of the act. In this regard, defendant relies on *People v. Cervantes*, 189 Ill. 2d 80, 84, 723 N.E.2d 265 (1999), in support of his argument that "various provisions of a public act must not only have a rational and logical connection to a single subject, but the provisions must also have a legitimate relation to one another." Lastly, defendant maintains that although he cited the wrong public acts in his postconviction petition, he has nonetheless not waived review of this issue.

The State first concedes that defendant has not waived this challenge, and we agree, pursuant to *People v. Boclair*, 202 Ill. 2d 89, 108, 789 N.E.2d 734 (2002). Substantively, the State contends that defendant's challenge to this act has already been rejected by both the First and Third Districts of the Appellate Court, which decisions, according to the State, are correct. The State further maintains that neither of defendant's challenges to *Vazquez* has merit. With respect to defendant's first challenge, the State maintains that there is no legal requirement for the court to consider the legislative debates. Rather, according to the State, the court must first look to the face of the public act, and if the language passes constitutional muster, the court need look no further. With respect to defendant's second challenge, the State maintains that single subject analysis does not require that each of the provisions relate to each other; rather, single subject analysis only requires that the provisions of a public act relate to one subject.

As the State notes, both the First and Third District Appellate Courts have upheld single subject challenges to Public Act 86—980. In *Vazquez*, the court concluded that the offenses of inducement to commit suicide and aggravated battery with a firearm both involved criminal conduct and, thus, the offenses had a "logical relationship to the subject of crime." *Vazquez*, 315 Ill. App. 3d at 1135. Accordingly, the *Vazquez* court further concluded that "because [the provisions of

Public Act 86—980] bore a logical and natural connection to the single subject of 'crime' [citation]," "the provisions of Public Act 86—980 all relate to the single and acceptable subject of crime" and "therefore do not violate the single subject rule." *Vazquez*, 315 Ill. App. 3d at 1136.

In *People v. Davis*, 328 Ill. App. 3d 411, 766 N.E.2d 277 (3d Dist. 2002), the court rejected a challenge to Public Act 86—980 based on a violation of the single subject rule, concluding that the "aggravated battery with a firearm amendment \*\*\* directly relates to the subject of crime." *Davis*, 328 Ill. App. 3d at 417. Similarly, in *People v. Denton*, 329 Ill. App. 3d 246, 767 N.E.2d 879 (2002), the Third District Appellate Court again rejected a challenge to this act based on a violation of the single subject rule, "agree[ing] with the *Vazquez* court's analysis of Public Act 86—980 and its conclusion that the Act withstands single subject scrutiny." *Denton*, 329 Ill. App. 3d at 252. As stated above, defendant here challenges the reasoning of *Vazquez*. With respect to *Davis* and *Denton*, we note that although *Davis* and *Denton* were decided approximately one year before defendant filed his brief in the instant case, defendant has failed to cite to either or argue why they should not be followed.

We agree with both of the State's arguments with respect to defendant's challenges to *Vazquez*. Although the legislative debates may be relevant in undertaking single subject analysis, there is no requirement for courts to look beyond the face of the public act itself. See *Boclair*, 202 Ill. 2d at 108-13; *People v. Sypien*, 198 Ill. 2d 334, 339-45, 763 N.E.2d 264 (2001); *Premier Property Management, Inc. v. Chavez*, 191 Ill. 2d 101, 111-13, 728 N.E.2d 476 (2000) (all cases where the courts, in addressing a single subject challenge to a particular public act, looked only to the provisions of the enactment and did not address or evaluate the legislative debates surrounding promulgation of the enactment in question). Clearly, our supreme court has repeatedly not undertaken such an analysis and, therefore, we are not compelled to do so.

With respect to defendant's second challenge to *Vazquez*, that the provisions of an enactment must relate to each other, such a requirement has repeatedly been rejected by the supreme court and followed by the appellate court. See *Boclair*, 202 Ill. 2d at 109 ("There is no additional requirement [in single subject analysis] that the individual provisions be related to each other"); *Boclair*, 202 Ill. 2d at 112 ("The dispositive question is, however, not whether amendments relate to each other; rather, the issue is whether they relate to a single subject"); *Sypien*, 198 Ill. 2d at 339 (same statement as *Boclair* statement that there is no additional requirement that the individual provisions be related to each other); *Arangold Corp. v. Zehnder*, 187 Ill. 2d

341, 356, 718 N.E.2d 191 (1999) ("This court has never held \*\*\* that the provisions within an enactment be related to each other"). The court in *Chavez* specifically rejected the argument that *Cervantes* "resuscitated" a second requirement for single subject analysis, *i.e.*, that the provisions must relate to each other. *Chavez*, 191 Ill. 2d at 114. The *Chavez* court also specifically concluded that *Cervantes* did not overrule *Arangold Corp.* in this regard and that the provisions of an enactment need not relate to each other. *Chavez*, 191 Ill. 2d at 113-14.

Similarly, the appellate court has rejected such a requirement. The *Vazquez* court noted that the " 'natural and logical connection' test [for single subject analysis] does not require that the various provisions within an enactment be related to each other, but merely must relate to a single subject." *Vazquez*, 315 Ill. App. 3d at 1135. The *Vazquez* court thereafter reiterated that "[t]he single subject rule pertains to how the individual provisions of an enactment relate to one subject, however, not how the provisions relate to each other." *Vazquez*, 315 Ill. App. 3d at 1135. Likewise, the *Davis* court stated that, although the defendant acknowledged the *Vazquez* ruling, "[u]ndaunted, the defendant argues that *Vazquez* was poorly reasoned because it states that the single subject rule pertains to how the individual provisions of an enactment relate to one subject rather than how the provisions relate to each other," relying on *Cervantes*. *Davis*, 328 Ill. App. 3d at 417. The *Davis* court rejected this argument, relying upon *Chavez*, wherein the supreme court "clarified that the relation between provisions within an enactment has never been a basis for determining whether an enactment violates the single subject rule." *Davis*, 328 Ill. App. 3d at 417. Similarly, the defendant in *Denton* argued that the various provisions of an enactment must relate to each other. The *Denton* court noted that such an analysis was "rejected both by *Vazquez* and in our supreme court's decision in *Sypien*." *Denton*, 329 Ill. App. 3d at 252. Clearly, contrary to defendant's argument here, the provisions of an enactment need not relate to each other and, therefore, the *Vazquez* decision is not flawed on this basis.

We see no reason to depart from the *Vazquez* decision, nor from *Davis* or *Denton*. The act on its face involved the single subject of crime—an acceptable subject. See *People v. Wooters*, 188 Ill. 2d 500, 512-13, 722 N.E.2d 1102 (1999) (noting that most provisions of the enactment related to the subject of the act—crime—but that all did not and, therefore, the public act in question violated the single subject rule). We further believe that each provision of Public Act 86—980 relates to the proper subject of crime. Specifically, the amendment to the aggravated battery statute, and the addition of the offenses of ag-

gravated battery with a firearm and inducement to commit suicide, all involve criminal conduct or matters of substantive criminal law. Similarly, the provisions with respect to destruction of weapons confiscated from minors stem from criminal conduct and are a matter of administration of criminal law. See *Boclair*, 202 Ill. 2d at 112-13. Accordingly, these provisions all relate to the single subject of crime, specifically, the prevention of same.

Based on the foregoing, we, too, reject defendant's challenge to Public Act 86—980 on the basis that it violates the single subject rule and, therefore, affirm defendant's conviction pursuant to his guilty plea.

## CONCLUSION

For the reasons stated, we affirm the judgment of the circuit court of Cook County.

Affirmed.

McBRIDE, P.J., and GARCIA, J., concur.