795 N.E.2d 1006 (2003)
342 Ill. App.3d 815
277 Ill.Dec. 338
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
Louis MORALES, Defendant-Appellant.
No. 1-02-1566.
Appellate Court of Illinois, First District, Second Division.
August 19, 2003.
*1007 Michael J. Pelletier, Deputy Defender, Office of the State Appellate Defender (Elizabeth A. Botti, Assistant Appellate Defender, of counsel), Chicago, for Appellant.
Richard A. Devine, State's Attorney of Cook County (Renee Goldfarb, Mary L. Boland, Assistant State's Attorneys, of counsel), Chicago, for Appellee.
Justice BURKE delivered the opinion of the court:
Defendant Louis Morales pled guilty to one count of aggravated battery with a firearm and was sentenced to 11 years' imprisonment. Defendant subsequently filed a pro se postconviction petition to vacate his plea, which the circuit court summarily dismissed as frivolous and patently without merit. On appeal, defendant contends that the trial court erred in dismissing his petition because Public Act 86-980, which created the offense of aggravated battery with a firearm and under which defendant pled guilty, violates the single subject rule of the Illinois Constitution (Ill. Const.1970, art. IV, § 8(d)) and, therefore, his guilty plea was void. For the reasons set forth below, we affirm.

STATEMENT OF FACTS
On November 15, 1998, at approximately 11:20 p.m., defendant, armed with a revolver, walked up to Paul Acosta who was standing on the street and shot him in the arm and leg. Thereafter, defendant was arrested and charged with one count of attempted first degree murder, one count of aggravated battery with a firearm, one count of armed violence, and two counts of aggravated battery. On November 6, defendant gave a statement to an assistant State's Attorney, stating that he was a member of the Latin King street gang and mistakenly believed that Acosta was a rival gang member. Defendant also stated that he shot Acosta in retaliation for the shooting death of his cousin one year earlier. On May 13, 1999, defendant pled guilty to one count of aggravated battery with a firearm and the court accepted the parties' *1008 agreement to sentence defendant to 11 years' imprisonment.
On March 8, 2002, defendant filed a pro se postconviction petition, contending that his guilty plea must be vacated because various public acts were declared unconstitutional.[1] On April 15, the trial court summarily dismissed the petition as frivolous and patently without merit. This appeal followed.

ANALYSIS
Defendant contends that Public Act 86-980 violates the single subject rule. Specifically, defendant maintains that the amendments to the Criminal Code of 1961, contained in the enactment, amending the offense of aggravated battery and adding the offense of aggravated battery with a firearm, and the amendments to the Juvenile Court Act, contained in the enactment, adding provisions with respect to mandatory destruction of all weapons confiscated from minors, have nothing to do with the enactment's purpose of preventing "ritualistic crime" because of "cult activity," i.e., they have nothing to do with the legislature's goal of punishing people who convince children to kill themselves, which goal was the original basis for promulgating Public Act 86-980 and the offense of inducement to commit suicide. Although defendant concedes that this district upheld a single subject challenge to Public Act 86-980 in People v. Vazquez, 315 Ill.App.3d 1131, 248 Ill.Dec. 732, 734 N.E.2d 1023 (1st Dist.2000), defendant maintains that we should reexamine that ruling because it failed to discuss the legislative debates surrounding Public Act 86-980 and because the Vazquez court refused to examine the defendant's argument that the various provisions of an act must relate to each other, not only to the subject of the act. In this regard, defendant relies on People v. Cervantes, 189 Ill.2d 80, 84, 243 Ill.Dec. 233, 723 N.E.2d 265 (1999), in support of his argument that "various provisions of a public act must not only have a rational and logical connection to a single subject, but the provisions must also have a legitimate relation to one another." Lastly, defendant maintains that although he cited the wrong public acts in his postconviction petition, he has nonetheless not waived review of this issue.
The State first concedes that defendant has not waived this challenge, and we agree, pursuant to People v. Boclair, 202 Ill.2d 89, 108, 273 Ill.Dec. 560, 789 N.E.2d 734 (2002). Substantively, the State contends that defendant's challenge to this act has already been rejected by both the first and third districts of the appellate court, which decisions, according to the State, are correct. The State further maintains that neither of defendant's challenges to Vazquez have merit. With respect to defendant's first challenge, the State maintains that there is no legal requirement for the court to consider the legislative debates. Rather, according to the State, the court must first look to the face of the public act and if the language passes constitutional muster, the court need look no further. With respect to defendant's second challenge, the State maintains that single subject analysis does not require that each of the provisions relate to each other; rather, single subject analysis only requires that the provisions of a public act relate to one subject.
As the State notes, both the first and third district appellate courts have upheld *1009 single subject challenges to Public Act 86-980. In Vazquez, the court concluded that the offenses of inducement to commit suicide and aggravated battery with a firearm both involved criminal conduct and, thus, the offenses had a "logical relationship to the subject of crime." Vazquez, 315 Ill.App.3d at 1135, 248 Ill.Dec. 732, 734 N.E.2d 1023. Accordingly, the Vazquez court further concluded that "because [the provisions of Public Act 86-980] bore a logical and natural connection to the single subject of `crime' [citation] * * *[,] the provisions of Public Act 86-980 all relate to the single and acceptable subject of crime * * * [and] therefore do not violate the single subject rule." Vazquez, 315 Ill.App.3d at 1136, 248 Ill.Dec. 732, 734 N.E.2.d 1023.
In People v. Davis, 328 Ill.App.3d 411, 262 Ill.Dec. 657, 766 N.E.2d 277 (3d Dist. 2002), the court rejected a challenge to Public Act 86-980 based on a violation of the single subject rule, concluding that the "aggravated battery with a firearm amendment * * * directly relates to the subject of crime." Davis, 328 Ill.App.3d at 417, 262 Ill.Dec. 657, 766 N.E.2d 277. Similarly, in People v. Denton, 329 Ill.App.3d 246, 263 Ill.Dec. 153, 767 N.E.2d 879 (3d Dist. 2002), the third district appellate court again rejected a challenge to this act based on a violation of the single subject rule, "agree[ing] with the Vazquez court's analysis of Public Act 86-980 and its conclusion that the Act withstands single subject scrutiny." Denton, 329 Ill.App.3d at 252, 263 Ill.Dec. 153, 767 N.E.2d 879. As stated above, defendant here challenges the reasoning of Vazquez. With respect to Davis and Denton, we note that although Davis and Denton were decided approximately one year before defendant filed his brief in the instant case, defendant has failed to cite to either or argue why they should not be followed.
We agree with both of the State's arguments with respect to defendant's challenges to Vazquez. Although the legislative debates may be relevant in undertaking single subject analysis, there is no requirement for courts to look beyond the face of the public act itself. See Boclair, 202 Ill.2d at 108-113, 273 Ill.Dec. 560, 789 N.E.2d 734; People v. Sypien, 198 Ill.2d 334, 339-45, 261 Ill.Dec. 294, 763 N.E.2d 264 (2001); Premier Property Management, Inc. v. Chavez, 191 Ill.2d 101, 111-13, 245 Ill.Dec. 394, 728 N.E.2d 476 (2000) (all cases where the courts, in addressing a single subject challenge to a particular public act, looked only to the provisions of the enactment and did not address or evaluate the legislative debates surrounding promulgation of the enactment in question). Clearly, our supreme court has repeatedly not undertaken such an analysis and, therefore, we are not compelled to do so.
With respect to defendant's second challenge to Vazquez, that the provisions of an enactment must relate to each other, such a requirement has repeatedly been rejected by the supreme court and followed by the appellate court. See Boclair, 202 Ill.2d at 109, 273 Ill.Dec. 560, 789 N.E.2d 734 ("There is no additional requirement [in single subject analysis] that the individual provisions be related to each other"); Boclair, 202 Ill.2d at 112, 273 Ill.Dec. 560, 789 N.E.2d 734 ("The dispositive question is, however, not whether amendments relate to each other; rather, the issue is whether they relate to a single subject"); Sypien, 198 Ill.2d at 339, 261 Ill.Dec. 294, 763 N.E.2d 264 (same statement as Boclair statement that there is no additional requirement that the individual provisions be related to each other); Arangold Corp. v. Zehnder, 187 Ill.2d 341, 356, 240 Ill.Dec. 710, 718 N.E.2d 191 (1999) ("This court has never held that the provisions within *1010 an enactment be related to each other"). The court in Chavez specifically rejected the argument that Cervantes "resuscitated" a second requirement for single subject analysis, i.e., that the provisions must relate to each other. Chavez, 191 Ill.2d at 114, 245 Ill.Dec. 394, 728 N.E.2d 476. The Chavez court also specifically concluded that Cervantes did not overrule Arangold Corp. in this regard and that the provisions of an enactment need not relate to each other. Chavez, 191 Ill.2d at 113-14, 245 Ill.Dec. 394, 728 N.E.2d 476.
Similarly, the appellate court has rejected such a requirement. The Vazquez court noted that the "`natural and logical connection' test [for single subject analysis] does not require that the various provisions within an enactment be related to each other, but merely must relate to a single subject." Vazquez, 315 Ill.App.3d at 1135, 248 Ill.Dec. 732, 734 N.E.2d 1023. The Vazquez court thereafter reiterated that "[t]he single subject rule pertains to how the individual provisions of an enactment relate to one subject, however, not how the provisions relate to each other." Vazquez, 315 Ill.App.3d at 1135, 248 Ill.Dec. 732, 734 N.E.2d 1023. Likewise, the Davis court stated that, although the defendant acknowledged the Vazquez ruling, "[u]ndaunted, the defendant argues that Vazquez was poorly reasoned because it states that the single subject rule pertains to how the individual provisions of an enactment relate to one subject rather than how the provisions relate to each other," relying on Cervantes. Davis, 328 Ill.App.3d at 417, 262 Ill.Dec. 657, 766 N.E.2d 277. The Davis court rejected this argument, relying upon Chavez, wherein the supreme court "clarified that the relation between provisions within an enactment ha[ve] never been a basis for determining whether an enactment violates the single subject rule." Davis, 328 Ill.App.3d at 417, 262 Ill.Dec. 657, 766 N.E.2d 277. Similarly, the defendant in Denton argued that the various provisions of an enactment must relate to each other. The Denton court noted that such an analysis was "rejected both by Vazquez and in our supreme court's decision in Sypien." Denton, 329 Ill.App.3d at 252, 263 Ill.Dec. 153, 767 N.E.2d 879. Clearly, contrary to defendant's argument here, the provisions of an enactment need not relate to each other and, therefore, the Vazquez decision is not flawed on this basis.
We see no reason to depart from the Vazquez decision, nor from Davis or Denton. The act on its face involved the single subject of crimean acceptable subject. See People v. Wooters, 188 Ill.2d 500, 512, 243 Ill.Dec. 33, 722 N.E.2d 1102 (1999) (noting that most provisions of the enactment related to the subject of the actcrimebut that all did not and, therefore, the public act in question violated the single subject rule). We further believe that each provision of Public Act 86-980 relates to the proper subject of crime. Specifically, the amendment to the aggravated battery statute, and the addition of the offenses of aggravated battery with a firearm and inducement to commit suicide, all involve criminal conduct or matters of substantive criminal law. Similarly, the provisions with respect to destruction of weapons confiscated from minors stem from criminal conduct and are a matter of administration of criminal law. See Boclair, 202 Ill.2d at 112-13, 273 Ill.Dec. 560, 789 N.E.2d 734. Accordingly, these provisions all relate to the single subject of crime, specifically, the prevention of same.
Based on the foregoing, we, too, reject defendant's challenge to Public Act 86-980 on the basis that it violates the single subject rule and, therefore, affirm defendant's *1011 conviction pursuant to his guilty plea.

CONCLUSION
For the reasons stated, we affirm the judgment of the circuit court of Cook County.
Affirmed.
McBRIDE, P.J., and GARCIA, J., concur.
NOTES
[1] In his petition, defendant argued that his guilty plea was not voluntary, knowing, and intelligent because Public Acts 88-980 and 89-203 had been declared unconstitutional. Defendant did not cite the correct public act at issue, Public Act 86-980, in his petition. However, as discussed below, this is of no import.