THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. AARON L. TERRY, Defendant-Appellant.

Fourth District    No. 4—00—0435

Opinion filed May 13, 2002.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and James C. Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE TURNER delivered the opinion of the court:

In December 1999, the State charged defendant, Aaron L. Terry, with the offense of unlawful possession of a stolen vehicle, a Class 2 felony, in violation of section 4—103(a)(1) of the Illinois Vehicle Code (Code) (625 ILCS 5/4—103(a)(1), (b) (West 1998)). Defense counsel indicated defendant would rely on the affirmative defense of insanity. 720 ILCS 5/6—2 (West 1998). In March 2000, following a stipulated bench trial, defendant was found guilty beyond a reasonable doubt and was sentenced to 24 months' probation.

On appeal, defendant's only contention is that Public Act 90—593 (Pub. Act 90—593, eff. June 19, 1998 (1998 Ill. Laws 1307)) violates the single subject clause of the Illinois Constitution (Ill. Const. 1970, art. IV, § 8(d)). We affirm.

## I. BACKGROUND

In December 1999, the State charged defendant with the offense of unlawful possession of a stolen vehicle, a Class 2 felony, in violation of section 4—103(a)(1) of the Code. 625 ILCS 5/4—103(a)(1) (West 1998). The State alleged defendant, not entitled to possession of the vehicle, possessed a 1998 silver Chevy Cavalier knowing it was stolen. In February 2000, defense counsel filed a motion for a fitness evaluation and to explore the issue of insanity as a defense. Thereafter, the trial court entered an agreed order for a fitness evaluation to determine whether defendant was fit to stand trial (725 ILCS 5/104—16 (West 1998)) and to determine if insanity was a defense.

In March 2000, the trial court, taking into consideration defendant's fitness evaluation by Dr. Lawrence Jeckel, a psychiatrist, found defendant fit to stand trial. Defendant waived his right to a jury trial and agreed to a stipulated bench trial. The evidence established defendant was found in possession of the silver Chevy Cavalier owned by Rent-a-Wreck. Defendant took the car without the owner's permission. Dr. Jeckel's report concluded defendant possessed the capacity to appreciate the criminality of his conduct, but Dr. Jeckel did not believe defendant could conform his conduct to the standards of the law at the time of the alleged crime.

The State argued defendant could not be found not guilty by reason of insanity due to the enactment of Public Act 90—593. Public Act

90—593 reenacted various provisions of Public Act 89—404 (Pub. Act 89—404, eff. August 20, 1995 (1995 Ill. Laws 4306)), one of which deleted language from section 6—2 of the Criminal Code of 1961 (720 ILCS 5/6—2 (West 1998)) that exonerated an accused who lacked substantial capacity to conform his conduct to the requirements of law. Defendant correctly argued that Public Act 89—404 had been found unconstitutional because it violated the single subject clause. Defendant further argued that Public Act 90—593 likewise violated the single subject clause. Hence, defendant asserted he was not guilty by reason of insanity under the language of section 6—2 as it existed before Public Act 89—404 and Public Act 90—593.

The trial court found defendant guilty of the offense of unlawful possession of a stolen vehicle. The court also refused to find Public Act 90—593 unconstitutional. Defendant was sentenced to 24 months' probation and ordered to obtain a mental health evaluation. This appeal followed.

## II. ANALYSIS

■ Defendant argues his conviction must be reversed because Public Act 90—593 violates the single subject clause of the Illinois Constitution. We disagree. Defendant's argument concerning the constitutionality of Public Act 90—593 presents a legal question, and thus, our review is *de novo*. *People v. Jones*, 318 Ill. App. 3d 1189, 1190, 744 N.E.2d 344, 346 (2001).

■ The single subject clause of article IV, section 8, of the Illinois Constitution provides, in part:

"Bills, except bills for appropriations and for the codification, revision or rearrangement of laws, shall be confined to one subject."

Ill. Const. 1970, art. IV, § 8(d).

The Supreme Court of Illinois has applied the single subject clause recently in *People v. Malchow*, 193 Ill. 2d 413, 427, 739 N.E.2d 433, 442 (2000), stating:

"In determining whether a legislative enactment was passed in violation of the single subject clause, we construe the term 'subject' liberally in favor of the legislature. *People v. Reedy*, 186 Ill. 2d 1, 8-9 (1999). The subject of a bill may be as broad as the legislature chooses, provided that the bill's provisions have a natural and logical connection. *Johnson v. Edgar*, 176 Ill. 2d 499, 515 (1997). The General Assembly violates the single subject rule only when it includes within one act provisions that by no fair interpretation have any natural and logical connection to a single subject. *Arangold Corp. v. Zehnder*, 187 Ill. 2d 341, 354-55 (1999)."

■ Prior to the enactment of Public Act 89—404, section 6—2 of the Criminal Code of 1961 defined the defense of insanity as follows:

"(a) A person is not criminally responsible for conduct if at the time of such conduct, as a result of mental disease or mental defect, he lacks substantial capacity *either* to appreciate the criminality of his conduct *or to conform his conduct to the requirements of law*." (Emphasis added.) 720 ILCS 5/6—2(a) (West 1994).

The General Assembly amended the defense by deleting the emphasized language through the enactment of Public Act 89—404. Pub. Act 89—404, § 15, eff. August 20, 1995 (1995 Ill. Laws at 4307) (amending 720 ILCS 5/6—2 (West 1994)). Along with this amendment, Public Act 89—404 also addressed topics under the Counties Code (55 ILCS 5/1—1001 through 7—1001 (West 1996)), the Illinois Municipal Code (65 ILCS 5/1—1—1 through 11—152—4 (West 1996)), the Criminal Code of 1961 (720 ILCS 5/1—1 through 47—25 (West 1996)), the Cannabis Control Act (720 ILCS 550/1 through 19 (West 1996)), the Illinois Controlled Substances Act (720 ILCS 570/100 through 603 (West 1996)), the Code of Criminal Procedure of 1963 (725 ILCS 5/100—1 through 126—1 (West 1996)), the Drug Asset Forfeiture Procedure Act (725 ILCS 150/1 through 14 (West 1996)), the Unified Code of Corrections (730 ILCS 5/1—1—1 through 8—6—1 (West 1996)), the Code of Civil Procedure (735 ILCS 5/1—101 through 21—104 (West 1996)), and the Hospital Lien Act (770 ILCS 35/0.01 through 5 (West 1996)). See *People. v. Reedy*, 186 Ill. 2d 1, 10-11, 708 N.E.2d 1114, 1118 (1999).

In *Reedy*, the Supreme Court of Illinois found Public Act 89—404 violated the single subject clause of the Illinois Constitution. *Reedy*, 186 Ill. 2d at 11, 708 N.E.2d at 1119. The court noted Public Act 89—404 addressed "diverse subjects" such as jurisdiction and duties of law enforcement officers, the insanity defense and a defendant's burden of proof, drug asset forfeiture proceedings, truth-in-sentencing law, and the requirements for the perfection and satisfaction of hospital liens. *Reedy*, 186 Ill. 2d at 11-12, 708 N.E.2d at 1119. While giving deference to the legislature, the court found matters pertaining to the criminal justice system and to hospital liens were unrelated, and thus, Public Act 89—404 violated the single subject clause and was unconstitutional in its entirety. *Reedy*, 186 Ill. 2d at 12, 708 N.E.2d at 1119.

Prior to the supreme court decision in *Reedy*, the General Assembly enacted Public Act 90—593 (Pub. Act 90—593, eff. June 19, 1998 (1998 Ill. Laws 1307)). Public Act 90—593 reenacted the criminal-related provisions of Public Act 89—404 minus any amendments to the Hospital Lien Act found unrelated to matters of the criminal justice system in *Reedy*. The Act also contained the same revisions to the insanity defense statute originally included in Public Act 89—404.

The Supreme Court of Illinois reaffirmed the unconstitutionality

of Public Act 89—404 in *People v. Ramsey*, 192 Ill. 2d 154, 156, 735 N.E.2d 533, 534 (2000). The court noted the General Assembly had passed Public Act 90—593 containing the same insanity defense revisions originally included in Public Act 89—404. *Ramsey*, 192 Ill. 2d at 157, 735 N.E.2d at 534. The court also indicated the "new legislation *** is not claimed to suffer from the same single subject rule problems that rendered Public Act 89—404 invalid, and we must presume it to be constitutional." *Ramsey*, 192 Ill. 2d at 157, 735 N.E.2d at 534.

In the case *sub judice*, defendant argues Public Act 90—593 must suffer the same constitutional fate as Public Act 89—404 because the single subject clause is violated by the inclusion of unrelated subjects such as the insanity defense and drug asset forfeiture proceedings. We disagree. We point out the First District in *In re F.G.*, 318 Ill. App. 3d 709, 715, 743 N.E.2d 181, 185 (2000), stated "Public Act 90—593 did not violate the single subject clause of the Illinois Constitution. *Ramsey*, 192 Ill. 2d at 157." In *Ramsey*, however, the validity of Public Act 90—593 was not before the supreme court but only presumed to be constitutional. *Ramsey*, 192 Ill. 2d at 157, 735 N.E.2d at 534. In the present case, defendant argues Public Act 90—593 is unconstitutional, and thus, we must subject that act to the limits of the single subject clause.

■ Our supreme court has articulated a two-tiered analysis to determine whether a public act violates the single subject rule. In *People v. Sypien*, 198 Ill. 2d 334, 339, 763 N.E.2d 264, 268 (2001), the court stated the first tier involves a determination of "whether the act, on its face, involves a legitimate single subject." The second tier discerns "whether the various provisions within an act all relate to the proper subject at issue." *Sypien*, 198 Ill. 2d at 339, 763 N.E.2d at 268.

Considering the first tier of our analysis, the purported subject of Public Act 90—593, one involving the criminal law, is a legitimate subject for single subject purposes. See *Malchow*, 193 Ill. 2d at 428-29, 739 N.E.2d at 443, quoting Pub. Act 89—8, eff. March 21, 1995 (1995 Ill. Laws 322, 322) (" '[An Act] in relation to criminal and correctional matters ***' " was a legitimate subject and not overbroad to pass single subject scrutiny); *People v. Wooters*, 188 Ill. 2d 500, 513, 722 N.E.2d 1102, 1110 (1999) (legislation amending several acts could pass muster if related to the single subject of "crime"). Thus, the subject of Public Act 90—593, on its face, is permissible.

As to the second tier of our analysis, it must be determined whether the amendments in Public Act 90—593 relate to the single subject of criminal law. Defendant argued at trial, and now on appeal, the amendments to the Drug Asset Forfeiture Procedure Act are not

related to criminal law, and the single subject clause is thereby violated. We disagree.

Section 35 of Public Act 90—593 (Pub. Act 90—593, § 35, eff. June 19, 1998 (1998 Ill. Laws at 1350-55)) amended section 9 of the Drug Asset Forfeiture Procedure Act (725 ILCS 150/9 (West 1998)). That section refers to property seized under the criminal provisions of the Illinois Controlled Substances Act (720 ILCS 570/100 through 603 (West 1998)) and the Cannabis Control Act (720 ILCS 550/1 through 19 (West 1998)). Section 9 authorizes the State's Attorney to initiate judicial forfeiture proceedings by filing a complaint for forfeiture. Further, a "defendant convicted in any criminal proceeding is precluded from later denying the essential allegations of the criminal offense of which the defendant was convicted in any proceeding under this Act regardless of the pendency of an appeal from that conviction." 725 ILCS 150/9(I) (West 1998). The State's Attorney may also stay forfeiture proceedings during a criminal trial. 725 ILCS 150/9(J) (West 1998).

A person subject to prosecution under the Cannabis Control Act or the Illinois Controlled Substances Act may face judicial forfeiture proceedings. In fact, Public Act 90—593 also dealt with the items subject to possible forfeiture under these two criminal statutes. Further, the purpose of the Drug Asset Forfeiture Procedure Act is to deter drug abuse and drug trafficking in this state. 725 ILCS 150/2 (West 1998). The provisions of this section clearly have a logical and natural connection to the subject of the criminal justice system.

■ Defendant has failed to meet his burden of demonstrating any of the provisions of Public Act 90—593 bear no natural and logical connection to the single subject relating to the criminal justice system. Defendant argues Public Act 90—593 remains so similar to Public Act 89—404 that the supreme court's decision in *Reedy* requires us to conclude Public Act 90—593 also violates the single subject clause. However, while the court noted Public Act 89—404 dealt with diverse subjects, it focused on two unrelated subjects: "matters relating to the criminal justice system, and matters relating to hospital liens." *Reedy*, 186 Ill. 2d at 12, 708 N.E.2d at 1119. This court also found Public Act 89—404 unconstitutional because of the section dealing with hospital liens, but found the other nine sections concerned some aspect of the criminal justice system to "fall within the designation of one 'subject.' " *People v. Pitts*, 295 Ill. App. 3d 182, 189, 691 N.E.2d 1174, 1179 (1998). Here, Public Act 90—593 dropped the portion relating to hospital liens.

The single subject rule "prohibits the inclusion of ' "discordant provisions that by no fair intendment can be considered as having any

legitimate relation to each other." ' [Citations.]" *Johnson v. Edgar*, 176 Ill. 2d 499, 515, 680 N.E.2d 1372, 1379 (1997). Such cannot be said of the provisions of Public Act 90—593 and their legitimate relation to the criminal justice system. As we must give deference to the legislature, we find Public Act 90—593 cured the defects of Public Act 89—404 as determined by *Reedy* and does not violate the single subject clause of the Illinois Constitution. As the amended insanity provisions were in effect (June 19, 1998) when defendant committed the offense in December 1999, along with Public Act 90—593 meeting the requirements of the single subject clause, defendant's conviction must be upheld.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

McCULLOUGH, P.J., and KNECHT, J., concur.