THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* UNDRA HOOKER, Defendant-Appellant.

Third District    No. 80-363

Opinion filed May 19, 1981.

Robert Agostinelli and Thoms Lilien, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from defendant Undra Hooker's conviction for escape following a bench trial in Will County. On December 18, 1979, a four-count complaint was filed against defendant charging him with criminal damage to property and armed violence and with escape. At his initial court appearance on December 18, defendant received the charges against him and demanded a prompt preliminary hearing, which was set for December 26. On that date, the State moved for a continuance, which motion was granted over defendant's objection. The preliminary hearing was set for January 17, 1980.

On January 2, 1980, defendant was indicted. He was charged with criminal damage to a Will County jail cell, and escape from the jail while charged with rape. Two pretrial motions to dismiss the indictments were denied. The case proceeded to a bench trial and during the trial several serious problems occurred arising out of pretrial discovery.

In final arguments, defense counsel contended the judge should reconsider some evidentiary rulings and find the defendant not guilty. The trial judge asked defense counsel if he desired a mistrial, and counsel responded negatively. The trial judge indicated he would grant a defense motion for a new trial, but counsel declined, asserting a new trial would not cure the errors. The court then found the defendant guilty of escape.

On the date set for sentencing, May 23, 1980, defense counsel filed a motion in arrest of judgment, a renewed motion to dismiss the indictment and a motion for a new trial. After the trial court denied the first two motions, defense counsel presented his motion for a new trial. Counsel indicated that he had conferred with the defendant and that defendant agreed with the filing of the motions other than the one for a new trial.

Counsel stated that the defendant did not want a new trial. Upon questioning by the court the defendant stated he did not want a new trial, but said he would want to keep defense counsel as his attorney if a new trial were to occur. The trial court then granted defense counsel's motion for a new trial.

The second trial commenced on June 16, 1980, and the trial court found him guilty of escape as charged on June 23, 1980. At the sentencing hearing on July 2, 1980, the judge imposed an extended term sentence of 14 years imprisonment. The court relied on the defendant's 1973 conviction for burglary, his 1979 conviction for rape and a May 1980 conviction for burglary as a basis for imposing the extended term. The sentence for escape was made consecutive to the sentence for burglary and concurrent with the sentence for rape.

On appeal, defendant raises four issues: (1) whether the granting of a new trial where the defendant did not want one placed the defendant in double jeopardy; (2) whether the trial court should have granted the defendant's motion to dismiss the indictment on double jeopardy and due process grounds; (3) whether the trial court properly utilized the 1979 conviction for rape and 1980 conviction for burglary as a basis for imposing an extended term sentence; and (4) whether, if the defendant's conviction for rape is reversed on appeal, then the defendant's sentence for escape must be reversed and remanded. We affirm.

Defendant's first issue is whether the granting of a new trial where the defendant did not want one placed the defendant in double jeopardy. Defendant contends that a motion for a new trial must be treated the same as a mistrial. Defendant then argues that there was no manifest necessity requiring the trial court to declare a mistrial over the defendant's objection and, therefore, since defendant argues that mistrials and new trials must be treated the same, it was error for the trial court to declare a new trial over the defendant's objections. We reject the defendant's contention that mistrials and new trials are synonymous.

■■ A mistrial contemplates the premature termination of the trial. Where, for reasons deemed compelling by the trial judge, the ends of substantial justice cannot be obtained without discontinuing the trial, a mistrial may be declared without defendant's consent, and even over his objection. (*Gori v. United States* (1961), 367 U.S. 64, 6 L. Ed. 2d 901, 81 S. Ct. 1523.) Where a mistrial is declared after jeopardy has attached, the defendant's valued right to have his trial completed by a particular tribunal is necessarily implicated. (*United States v. Dinitz* (1976), 424 U.S. 600, 47 L. Ed. 2d 267, 96 S. Ct. 1075.) Where jeopardy has attached, the court must determine whether the declaration of a mistrial was required by manifest necessity or the ends of public justice. *Illinois v. Sommerville* (1973), 410 U.S. 458, 35 L. Ed. 2d 425, 93 S. Ct. 1066.

In contrast to a mistrial, a motion for a new trial is designed to allow a defendant to seek a review of his conviction at the trial level (*People v. Pierce* (1980), 80 Ill. App. 3d 514, 400 N.E.2d 62) and to provide the trial judge with an opportunity to correct alleged errors made during trial (*People v. Edwards* (1977), 49 Ill. App. 3d 79, 363 N.E.2d 935). It provides for a fair and orderly procedure for post-trial review in the trial court, and a trial court is vested with wide discretion in the matter of allowing the motion for a new trial which is granted.

Clearly, a motion for a mistrial and a motion for a new trial are different and have different functions. Because a mistrial contemplates a premature termination of the trial, it requires more stringent standards than a motion for a new trial, which deals with a situation in which the trial has been completed and judgment rendered.

In the instant case the first trial contained a number of problems concerning discovery and the list of witnesses to be presented by the prosecution. In addition, the State was allowed to re-open its case after resting. During closing arguments, defendant specifically declined to move for a mistrial. The new trial motion was premised on the afore-mentioned problems that arose during the course of the trial. Neither the judge nor defense counsel felt the case required a mistrial. Instead the trial was completed and judgment rendered. Therefore, the double jeopardy problem which arises where a mistrial is declared (see *United States v. Dinitz*) is not present in the instant case.

■■ However, we still must deal with the issue of whether or not the trial court may grant a new trial over the objection of the defendant. We believe such an action was proper in the instant case. Defendant contends that he had the right to refuse to be tried over again. We disagree. Defendant wished the record to be preserved so that he could appeal. Had the first trial in fact been appealed, this court would have had the power to order a new trial, the defendant's desire not to be tried again notwithstanding. In ruling on the motion for a new trial made by defendant's counsel, the trial court was exercising an appellate function. If the appellate court could order a new trial despite the defendant's desire not to be retried, we see no reason why the trial court in exercising an appellate function cannot order a new trial. Where, as here, defendant's counsel felt obligated to move for a new trial to fulfill his obligation as an attorney, we see no error in the trial court's decision to grant the motion despite the defendant's objections.

Defendant's next issue on appeal is whether or not the trial court should have granted defendant's motion to dismiss the indictment on double jeopardy and due process grounds. Defendant was convicted of the offense of escape for leaving the Will County jail where he was being held on a charge of rape. The escape occurred during the rape trial.

Defendant was apprehended, returned to Will County and the trial resumed. During the course of that trial, the State presented evidence of the defendant's escape and recapture. Further, the State presented additional evidence of the defendant's escape at the sentencing hearing. Defense counsel moved to strike evidence of the escape and another rape from consideration in sentencing the defendant. This motion was denied and the trial court considered them in sentencing the defendant.

■■ In the case at bar, the defendant filed a pretrial motion to dismiss the indictment, arguing that he had already been punished for the escape from the Will County jail in view of the fact that the escape was considered by the court when he was sentenced for rape. Defendant contends that this constitutes double jeopardy and therefore the indictment for escape must be dismissed. We find no merit in defendant's contention. To accept defendant's argument would mean that defendant had been found guilty of escape by the judge sentencing him for rape, an occurrence which would clearly deny the defendant due process. There is no evidence that this is the situation. Contrary to defendant's argument, he was not punished for his escape by having the escape considered in determining the sentence to be imposed for the rape. Defendant was punished for rape, and the evidence of escape was considered properly as a factor in determining what punishment was to be meted out for the conviction of rape. Therefore, the trial court properly denied the defendant's motion to dismiss the indictment.

■■ The defendant's next issue is whether the trial court properly utilized the defendant's 1979 conviction for rape and 1980 conviction for burglary as a basis for imposing an extended term sentence. The 1979 rape and 1980 burglary were only charges pending against the defendant at the time the defendant escaped on December 12, 1979. By the time defendant was convicted of the escape and the sentencing hearing was held, the two charges had resulted in convictions for which sentences were imposed. Under Illinois law, an extended term may be imposed

> "(1) When a defendant is convicted of any felony, after having been previously convicted in Illinois of the same or greater class felony, within 10 years, * * * and such charges are separately brought and tried and arise out of different series of acts * * *."
> Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(b)(1).

Defendant urges us to interpret this section so as only to apply to offenses reduced to conviction prior to the date of commission of the offense for which the extended term is being considered. We reject such an interpretation. The statute contains no such limiting language. It merely provides that an extended term may be imposed if the instant felony conviction occurs after the defendant has been previously convicted of the same or greater class felony. Nowhere does it state that the

conviction must occur prior to the date the instant offense is committed, and we see no reason to interpret the statute so as to limit it in such a fashion. The trial court properly considered the two convictions in imposing an extended term sentence.

Defendant's final issue is whether, if the defendant's conviction for rape is reversed on appeal, then the defendant's sentence for escape must be reversed and remanded. Defendant's conviction for rape has been affirmed. (*People v. Hooker* (1981), 96 Ill. App. 3d 127.) The issue is therefore moot and we do not consider it.

For the aforementioned reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

SCOTT, P. J., and BARRY, J., concur.