No. 2--04--0371                           

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

THE PEOPLE OF THE STATE

OF ILLINOIS,

Plaintiff-Appellee,

v.

MATTHEW SALES,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

)

Appeal from the Circuit Court

of Winnebago County.

No. 01--CM--3875

Honorable

Gary V. Pumilia,

Judge, Presiding.

______________________________________________________________________________

JUSTICE GROMETER delivered the opinion of the court:

I.  BACKGROUND

Defendant was charged with sexual exploitation of a child (720 ILCS 5/11--9.1(a--5) (West 2002)).  Prior to trial, the State and defendant presented motions 
in limine
.  One of defendant's  motions 
in limine
 requested that the court prohibit the "introduction by any means, evidence of out-of-court conversations between [the alleged victim] and [witness], [the alleged victim's mother], or any other person regarding the facts of or details regarding the incident serving as the basis of the charge against the defendant."  The trial court granted this motion.  

During the prosecution's opening statements, one of the assistant State's Attorneys mentioned the alleged victim's conversation with her mother, as well as a letter the alleged victim wrote to her mother.  Defense counsel's objections to both of these remarks were sustained, and the court cautioned the State to "be careful."  Defendant also moved for a mistrial because of the assistant State's Attorney's remarks, but the request was denied.  Toward the end of the alleged victim's testimony, the assistant State's Attorney asked her why she did not tell her mother about the incident.  Defense counsel's objection was sustained.  Two questions later, the assistant State's Attorney asked the alleged
 
victim whether she ever told her mother.  Defense counsel's objection was sustained, and the trial judge reminded the assistant State's Attorney that "we have had a ruling on this before."  Shortly thereafter, the assistant State's Attorney began a question with, "When did you tell--," but was cut off by defense counsel's objection, whereupon the assistant State's Attorney withdrew the question.  After the close of this testimony, the jury was excused and defense counsel renewed his motion for a mistrial.  Although the court denied the motion, it again strongly cautioned the assistant State's Attorney.  The court noted specifically that "any one of these overreaches on your part would not be grounds for a mistrial in the Court's opinion but the accumulative [
sic
] effect, there are places where you can't go.  We have had a motion on this.  ***  You are jeopardizing your case.  This would be prosecutorial misconduct.  It is more than just a mistrial.  It would be the end of the case.  Jeopardy has, in fact, attached.  ***  Do not tread on this ground any further."  Nevertheless, the court also opined that its "instructions to the jury have been cautionary enough."  Notwithstanding the court's admonishments and warnings, the same assistant State's Attorney, during closing arguments, twice discussed whether the alleged victim told her mother about the incident.  Both of defense counsel's objections to these remarks were sustained.  

After closing arguments, defense counsel again renewed his motion for a mistrial based upon the repeated violations of the motion 
in limine
.  The court stated that it was "extremely distraught, upset, concerned about the violations."  It also noted, however, that "the only good thing is that the jury was admonished, instructed to disregard those things immediately upon their occurrence."  The court reserved ruling on the motion for a mistrial but denied it prior to the jury verdict.  The jury rendered a verdict of guilty, whereupon defense counsel moved to vacate the conviction and either enter an order of acquittal or, in the alternative, order a new trial.  The court found that repeated violations of the court's order 
in limine
 did occur and that the prosecutor's conduct was not intentional, but because it believed that defendant's right to a fair trial had been impaired, it ordered a new trial.  The court noted that it did not "think there was any intent on the State's part to disregard the Court's order.  I think that was done in the heat of combat.  However, it was done.  It was done repeatedly.  ***  [After proper objections,] [t]he Court admonished the jury."  The court was not certain that it had confidence in the verdict and could not tell "that it was unaffected by what transpired in the courtroom."  Instead of granting the motion for a mistrial, the court granted the motion for a new trial, primarily because it did not "think there was any intent on the prosecutions' [
sic
] part to ignore the order."  

Defendant then moved to dismiss the charges under the theory that retrial would violate his right against double jeopardy (see 720 ILCS 5/3--3, 3--4 (West 2002)) .  This motion was denied, at which time defendant filed a timely notice of appeal.

Before turning to the merits, we note our disapproval of the State's repeated violations, intentional or not, of the trial court's order granting defendant's motion 
in limine
.  The State argues, and the assistant State's Attorney stated in the record, that there was merely a misunderstanding as to the scope of the trial court's order.
  Accepting this statement as true, we nevertheless find it troubling that the assistant State's Attorney violated the order repeatedly after the clear and specific warnings the court gave following defense counsel's objections.  

II.  ANALYSIS

It is well settled that the "[d]ouble [j]eopardy [c]lause is no bar to retrial" (
Oregon v. Kennedy
, 456 U.S. 667, 673, 72 L. Ed. 2d 416, 423, 102 S. Ct. 2083, 2088 (1982)), whether via mistrial or a new trial.  However, an exception is made when a trial court grants a mistrial based upon conduct by a prosecutor that was intended to goad a defendant into asking for a mistrial.  
Oregon
, 456 U.S. at 676, 72 L. Ed. 2d at 425, 102 S. Ct. at 2089.  In such a case, the grant of a mistrial will bar the State from retrying a defendant.  
Oregon
, 456 U.S. at 679, 72 L. Ed. 2d at 427, 102 S. Ct. at 2091.

Defendant's argument is that he cannot be tried again because a new trial would violate his right against double jeopardy.  Defendant argues that in this case, the trial court's grant of a new trial was the functional equivalent of a mistrial.  He then goes on to argue that, since the grant of the new trial was based on intentional prosecutorial misconduct, double jeopardy bars retrial just as if a mistrial had been granted.  We need not address the latter point if we conclude that granting a new trial is not the equivalent of granting a mistrial.  

To support his argument, defendant relies on 
People v. Davis
, 328 Ill. App. 3d 411 (2002).  
Davis
 addresses the issue of mandatory joinder of criminal charges pursuant to sections 3--3(b) and 3--4 of the Criminal Code of 1961 (Code) (720 ILCS 5/3--3(b), 3--4 (West 2002)).  Section 3--3(b) of the Code requires the State to simultaneously prosecute all charges stemming from one act.  720 ILCS 5/3--3(b) (West 2002).  Section 3--4 of the Code bars the addition of a charge if the defendant had been prosecuted for the same offense, stemming from the same act, if that prosecution resulted in an acquittal or a conviction.  720 ILCS 5/3--4(a)(1) (West 2002).  

In 
Davis
, the defendant's conviction was vacated and a new trial was ordered.  Prior to the defendant's new trial, the State added new charges against him that stemmed from the same act for which he was originally prosecuted.  The defendant was convicted of the new charges, and he appealed.  
Davis
, 328 Ill. App. 3d at 413.  The defendant contended that the subsequent charges should have been barred based on sections 3--3(b) and 3--4 of the Code because he had been previously tried and convicted for the incident from which the new charges stemmed.  The State argued, in essence, that the fact that the conviction was vacated and a new trial was ordered was the same as if a mistrial had been ordered, in which case the additional charges could be brought against the defendant.  
Davis
 presents a unique problem, however, because the language appearing in the official reporter and the language appearing in the unofficial reporters is inconsistent on this point.
  
 In both the regional reporter and the Illinois Decisions reporter
, the language from 
Davis
 that defendant relies on states that "[t]he fact that the trial court vacated the conviction and ordered a new trial does transform the proceeding into a mistrial."  
People v. Davis
, 766 N.E.2d 277, 281, 262 Ill. Dec. 657, 661 (2002).  The electronic versions of this opinion on Westlaw and Lexis-Nexis contain this exact same language.  However, in the official reporter, that same sentence reads as follows: "[t]he fact that the trial court vacated the conviction and ordered a new trial does 
not
 transform the proceeding into a mistrial."  (Emphasis added.)  
Davis
, 328 Ill. App. 3d at 416.  It would appear that the version in the official reporter would control an issue such as this simply because it is the 
official
 reporter (see 705 ILCS 65/1 
et
 
seq.
 (West 2002)).  Nevertheless, justice requires us to determine which version is correct.  We do not believe that we are bound by the language printed in the official reporter if it contains a typographical error; however, 
a close reading of 
Davis
 supports the inclusion of the word "not" and, therefore, the version of 
Davis
 published in the official reporter.  We accordingly reject defendant's argument.  

The 
Davis
 court discussed 
People v. Kennedy
, 161 Ill. App. 3d 197 (1987).  
Kennedy
 also dealt with section 3--4 of the Code.  In 
Kennedy
, the defendant was charged with multiple crimes.  He was acquitted of one offense and convicted of the remainder.  The verdict was subsequently overturned as being legally inconsistent.  
Kennedy
, 161 Ill. App. 3d at 198.  Prior to retrial, the
 State added new charges, which the defendant challenged.  The State argued that the addition of new charges arising from the same act was appropriate.  To support its argument, the State relied on 
People v. Miller
, 35 Ill. 2d 62 (1966), in which "additional charges were filed against the defendant following a mistrial."  
Kennedy
, 161 Ill. App. 3d at 199-200.  The 
Miller
 court held that "where the former prosecution resulted in a mistrial and not in a conviction or acquittal *** subsequent prosecution of the additional charges" was proper.  
Miller
, 35 Ill. 2d at 66.  In essence, the State's argument in 
Kennedy
 was 
that the grant of a new trial due to a legally inconsistent verdict was, for purposes of the addition of charges, the same as a mistrial.

In response to the State's argument and reliance on 
Miller
, the 
Kennedy
 court stated, in 
dicta
, that it "would agree [with the State's contention] were it not for the fact that the jury here acquitted defendant of one count of murder."  
Kennedy
, 161 Ill. App. 3d at 200.  The 
Davis
 court responded to this statement by clearly holding that "[t]his 
dicta
 commentary is in error."  
Davis
, 328 Ill. App. 3d at 415.  In the subsequent sentence, the 
Davis
 court held that "[s]ection 3--4 *** does not require a final judgment but only a former prosecution that resulted in a conviction or acquittal."  
Davis
, 328 Ill. App. 3d at 415.  Accordingly, the 
Davis
 court reversed the defendant's convictions on the subsequent charges.  

Logically, then, the 
Davis
 opinion makes sense only if the sentence at issue contains the word "not."  It is clear from 
Davis
 and its predecessors that section 3--4 of the Code bars the addition of charges when a new trial has been ordered after either an acquittal or a conviction, but, in accordance with 
Miller
, does not bar the addition of new charges in the case of a mistrial.  Although the 
Kennedy
 court, in 
dicta
, stated that it agreed that a new trial could be the equivalent of a mistrial regarding the addition of charges, the 
Davis
 court specifically held that 
dicta
 to be incorrect, and in so doing also overturned the defendant's convictions on the additional charges.  Hence, the 
Davis
 court disagreed with the State's contention that a new trial was the same as a mistrial for purposes of section 3--4 of the Code.  As a result, the sentence in question must read: "[t]he fact that the trial court vacated the conviction and ordered a new trial does not transform the proceeding into a mistrial," as reproduced in the official reporter.  
Davis
, 328 Ill. App. 3d at 416.   Moreover, case law clearly contradicts defendant's contention that a mistrial and a new trial can be functionally equivalent.  In fact, the court in
 
People v. Hooker
, 96 Ill. App. 3d 202, 204 (1981), expressly stated: "[w]e reject the defendant's contention that mistrials and new trials are synonymous."  
The court added that mistrials and new trials "are different" and "have different functions."  
Hooker
, 96 Ill. App. 3d at 205.  Moreover, the standards for a mistrial are higher than those for a new trial.  
Hooker
, 96 Ill. App. 3d at 205.

III.  CONCLUSION

For these reasons, we reject defendant's contention that the trial court's grant of a new trial was the functional equivalent of a mistrial.
  
As a result, double jeopardy is not at issue.  Because defendant did not allege that the trial court erred in denying his motions for a mistrial, we will not review that issue.  The judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

HUTCHINSON and CALLUM, JJ., concur.